ADOLPH BAHN v. MELVINA BAHN.

(Case No. 1628.)

1. DIVORCE.— A charge made against the wife of unchastity is such an act of cruelty towards the wife as to authorize a decree dissolving the marriage bond. Citing Jones v. Jones, 60 Tex., 460.

APPEAL from Travis. Tried below before the Hon. A. S. Walker.

On March 3, 1883, appellee sued for a divorce and to secure a division and partition of property. Among other grounds alleged for divorce was that appellant had said that appellee was a prostitute. The pleadings of the parties were voluminous.

On August 2, 1883, the cause was tried without a jury, and as stated in the judgment the court found as follows:

"1st. The parties were married. 2d. In February, 1883, at the time specified in the petition, the defendant, speaking to his daughter Amelia, called the plaintiff a whore (using the German word for that sort of person). 3d. The other charges in the petition are not sustained by the testimony. 4th. The matters pleaded in recrimination, except as evidenced by the pleading of the plaintiff alone, are not sustained by the testimony.

"As matter of law, held: The matters found in No. 2 of above findings are sufficient grounds for divorce; and the effects thereof are not removed by the mere fact of plaintiff filing as pleadings charges not supported by evidence, and taken as false."

Upon these findings the court decreed a divorce and a division of the property.

The only proposition relied upon for a reversal of the judgment is the following:

"The pleading and evidence do not uphold the second finding of fact as found by the court; but if they do, the existence of that fact, qualified by surrounding circumstances, is not sufficient ground on which to base a decree of divorce."

*Hancock & Shelley* and *Walton & Hill*, for appellant, reproduced in their printed brief the entire pleading and evidence, sufficiently referred to in the statement and opinion, and cited in support of their proposition set forth in the statement of the case: Sharman v. Sharman, 18 Tex., 525; Taylor v. Taylor, id., 578; Camp v. Camp, id., 533–4; Shreck v. Shreck, 32 id., 589; Hale v. Hale, 47 id., 341–3; Bishop on M. and D., § 716, note 1, pp. 717, 718; §§ 720, 722, 723, 726, 729, 732, 733*b*, 740, 744, 746, 747, 748, 764, vol. 1, and § 74, vol. 2; Stewart on M. and D., §§ 263–4, 267, and note 6 to § 267; Wait's Act. and Def., vol. 2, §§ 1 to 14, p. 560 *et seq.;* Thornberry v. Thornberry, 2 J. J. Marsh., 323; Barrere v. Barrere, 4 Johns. Ch., 189, 190; Finley v. Finley, 9 Dana, 33–4; Childs v. Childs, 49 Md., 513–516; Durand v. Her Husband, 4 Mart. (La.), 174; Morris v. Morris, 14 Cal., 79, 80; Odom v. Odom, 36 Ga., 317–18; Davis v. Davis, 55 Barber, 133–136; Rhame v. Rhame, 1 McCord Ch. (S. C.), 202–3; Harris v. Harris, 2 Phillimore, 204–5; Smedley v. Smedley, 30 Ala., 715; Whispell v. Whispell, 14 Cal., 219; Collins v. Collins, 29 Ga., 518; Turbitt v. Turbitt, 21 Ill., 438; Gholston v. Gholston, 3 Ga., 633–34; David v. David, 27 Ala., 225–8; Mason v. Mason, 1 Edw. Ch., 290, 291; Embree v. Embree, 53 Ill., 395–6; Mahone v. Mahone, 19 Cal., 628–29; Eidenmuler v. Eidenmuler, 37 id., 365; Schindel v. Schindel, 12 Md., 301; Briggs v. Briggs, 20 Mich., 43–4; Lewis v. Lewis, 5 Mo., 278–79; Knight v. Knight, 31 Iowa, 456–57; Richards v. Richards, 37 Pa. St., 227; King v. King, 28 Ala., 320; Poor v. Poor, 8 N. H., 315–16; Skinner v. Skinner, 5 Wis., 451; Taylor v. Taylor, 4 Desaus. Ch. (S. C.), 173–5; Von Glahn v. Von Glahn, 46 Ill., 138–40; May v. May, 62 Pa. St., 210, 211; Hooper v. Hooper, 4 Mo., 357; Cheatham v. Cheatham, 10 id., 297–8; Close v. Close, 25 N. J. Eq., 528–9; Ford v. Ford, 104 Mass., 205, 206; Shaw v. Shaw, 17 Conn., 193–197; Hoshall v. Hoshall, 51 Md., 74–5; Coursey v. Coursey, 50 Ill., 190; Shell v. Shell, 2 Sneed (Tenn.), 726–8; Beebe v. Beebe, 10 Iowa, 135–138.

*Sheeks & Sneed,* for appellee, cited: Art. 2861, R. S.; Sheffield *v.* Sheffield, 3 Tex., 79; Wright *v.* Wright, 3 Tex., 168; Wright *v.* Wright, 6 Tex., 3; Taylor *v.* Taylor, 18 Tex., 574; Cartwright *v.* Cartwright, 18 Tex., 643; Shreck *v.* Shreck, 32 Tex., 578.

WATTS, J. COM. APP.— Our statute makes excesses, cruel treatment or outrages by the husband toward the wife or the wife toward the husband good ground for divorce, provided these are of such nature as to render longer living together in the marital relation insupportable.

In Jones *v.* Jones, 60 Tex., 460, Chief Justice Willie correctly remarked that "In some of the states it is not ordinarily deemed sufficient cause for divorce that the husband should have accused his wife of unchastity, but as an act of gross cruelty almost enough of itself for that purpose. Our courts, under the peculiar wording of our statute, hold it not *almost* but *altogether* a sufficient act of cruelty to justify dissolving the bonds of matrimony."

Here the court found that appellant did, in conversation with his daughter, call the appellee a prostitute. The same witness by whom that fact was established also testified that, a few days previous to that conversation, she heard appellant, in a conversation with appellee, call her "bad names."

It is claimed in the first place that the finding is not sustained by the evidence; that objection, however, is without any foundation. The witnesses were before the court and testified in person, and the court, acting in the capacity of a jury, passed upon the credibility of the witnesses, and determined the weight to be assigned to their statements. As these findings are presented by the record, they will be considered as conclusive.

However, it is claimed, in the second place, that if it should be conceded that the finding is sustained by the evidence, then as explained and qualified by the circumstances developed in the case, it would not furnish a sufficient legal basis for a decree dissolving the bonds of matrimony.

Obviously the validity of the marriage relation is the substructure upon which the peace, happiness and perpetuity of society depends; therefore, for this condition or state to be lightly considered, or the bonds of matrimony to be dissolved for slight cause, the effects of which are ephemeral, would be pernicious to society at large. But when the law-making power has determined the policy with respect to, and has specified the grounds upon which divorces

are authorized, it but remains for the judiciary to enforce the legis-lative will.

In regard to these statutory causes for divorce, in determining whether or not they are sufficient in the particular case, the social condition of the parties, their mode of life, and all the attending cir-cumstances should enter into the consideration of the question. Under some conditions, certain acts or words might constitute such outrages as would be held sufficient to authorize and require the dis-solution of the bonds of matrimony, while under other conditions the same things would be held insufficient. This arises from the fact that the law seeks to adjust itself to the varied conditions of human society, and render its operations practically just to all.

For illustration, if the parties have led a rough marital life, usu-ally peevish and crusty with each other, and are in the habit of bandying harsh epithets, then words spoken or acts done by the one to the other might not be good cause for divorce; whereas, if the husband and wife were truly refined people, living upon such terms of mutual respect, harmony and devotion as ought to characterize that relation, the same acts or words might amount to the most last-ing insult and aggravated outrage.

Here the record is comparatively silent as to the former life of the parties; hence it will be assumed that it had been reasonably quiet, moderate and respectful to each other.

It is a duty devolved upon the husband to protect the reputation of the wife from the unjust imputations and aspersions of others, and, by the common consent of mankind, the husband who fails to extend such protection is regarded as a poltroon, and deserving the contempt of all. But when he goes farther, and is himself so un-feeling and merciless as to become the defamer, and seeks to disgrace and degrade his wife by falsely charging her with being a prosti-tute, in the language of Chief Justice Willie, in Jones *v.* Jones, *supra*, "Cruelty on his part has reached its utmost limit. He not only destroys her peace of mind, but exposes her to the contempt of the world and the insults and assaults of the worst of mankind."

In our opinion the ground upon which the court granted the di-vorce was amply sustained by the evidence, and under the attending circumstances fully warranted the decree. We therefore report for an affirmance of the judgment.

AFFIRMED.

[Opinion adopted November 28, 1884.]

Associate Justice WEST not sitting.