No. 2582.

### C. W. McALISTER v. M. M. McALISTER.

1. Divorce—Charge by Wife of Infidelity.—The mere charge of adultery on part of the husband made by the wife, though the charge be repeatedly made and be false, is no sufficient grounds for divorce in favor of the husband.

Appeal from Hunt. Tried below before Hon. Geo. S. Perkins, Special District Judge.

The opinion gives the facts.

*E. W. Terhune, Sherrill & Austin,* for appellant, cited Revised Statutes, 2861; Jones v. Jones, 60 Texas, 460.

*B. F. Looney,* for appellee, cited Revised Statutes, 2863; 1 Bishop on Mar. and Div., section 704, 722, 65; 2 Kent, 106.

Walker, Associate Justice. This is an appeal from the judgment of the court below sustaining a demurrer to the petition of appellant in a suit for divorce. The appellant de-

clined to amend and judgment was rendered for the defendant.

The petition alleged excesses, cruel treatment and outrages on part of the defendant collated in appellant's brief.

1. "That for six or seven years appellee has repeatedly harrassed him with studied insults, and publicly accused him of adultery with various women.

2. Appellee publicly and falsely accused him of adultery with one (naming her), his neighbor's wife; that the accusation caused scandal in the neighborhood, and was calculated to wound appellant's feelings, and in fact, came near causing a personal difficulty with the lady's husband. That when threatened with a suit for slander, the appellee voluntarily went before a notary public and made affidavit that the charge was false, and made with wicked and slanderous intent, and that said affidavit was printed and published to the world, bringing shame and reproach on appellant, injuring his feelings and disgracing his little children;" and,

3. That appellee "publicly and repeatedly declared that appellant was not the father of her children born during their marriage."

As to the last specification, it is evident from the petition that the charge was regarded as false, from the fact the husband seeks the custody and guardianship of these children whose paternity is said to be questioned.

The first and second may be considered together as one charge, save that in the first, its continuance is stated to have been for several years duration. Is it a cause for divorce for the wife to charge the husband with adultery ? With the consequences of such a charge upon others and subsequent to it we have nothing to do.

Wisely or not, our statutes do not make occasional acts of adultery on the part of the husband a cause of divorce when sought by the wife. Otherwise, when the husband asks divorce from the wife taken in adultery. Our courts have held that a single deliberate act of the husband falsely and publicly charging his wife with being a prostitute, or with unchastity, may be cause for granting a divorce. (60 Texas, 457, Jones v. Jones; 62 Texas, 518, Bahn v. Bahn.)

Our reports show no like action upon a similar state of facts, in favor of the husband. The ordinary meaning of *cruelty* in actions for divorce is that the act endangers or threatens the

life, limb or health of the aggrieved party. To this, in our courts, is added any outrage upon the feelings inflicting mental pain or anguish. (6 Texas, 3; 7 Texas, 538; 14 Texas, 356; 32 Texas, 578; 60 Texas, 457; 62 Texas, 518.)

There are no allegations in the petition showing that from the character, calling, or occupation of the plaintiff, or from his temperament, or from any other subjective cause, the charges would be calculated to, or did, produce mental suffering or anguish beyond the ordinary effect likely to be produced.

Cases might exist upon such allegations showing the special effects of the charge of adultery upon the husband, and that the mental suffering caused thereby was such as to render the living together insupportable where a divorce should be allowed.

But taking the gravity of the offense charged when made against the wife with the comparative levity of it when against the husband, we are of opinion that the mere charge of adultery on the part of the husband made by the wife, though the charge be often repeated and be false, is not, under our laws, a sufficient ground for divorce.

The demurrer was properly sustained. The judgment is affirmed.

*Affirmed.*

Opinion delivered November 9, 1888.