## DAVIS v. DAVIS.    (No. 9361.)

(Court of Civil Appeals of Texas. Dallas.
April 11, 1925.)

**1. New trial ⟨⟩124(1)—New trial properly denied where meritorious defense not shown.**

Motion for new trial for violation of condition in acceptance of service as to when case would be called for trial rests on fraud, and not on lack of jurisdiction, and defendant must show he had a meritorious defense.

**2. Process ⟨⟩67—Statement in acceptance of service for trial of case 30 days after filing held to refer to filing of petition, and not to filing of acceptance.**

A statement, contained in acceptance of service in divorce suit, that case might be tried after expiration of 30 days after filing same. *held*, in view of Rev. St. art. 4632, as amended (Vernon's Sayles' Ann. Civ. St. 1914, art. 4632), to refer to filing of petition in suit, and not to filing of acceptance of service.

Error from District Court, Dallas County; T. A. Work, Judge.

Action by Amelia Davis against Chris Davis. From judgment for plaintiff, defendant brings error. Affirmed.

Bumpass & Wade, of Terrell, for plaintiff in error.

JONES, C. J. This is an appeal from a judgment in the trial court granting a divorce to the defendant in error and awarding to her the custody of the minor child, Chris Davis, Jr. The specific ground for appeal is that the court had not acquired jurisdiction over the person of plaintiff in error at the time the judgment was entered, and that such judgment is therefore a nullity. The facts upon which this contention is based are as follows:

On June 23, 1923, defendant in error filed her petition in the district court of Dallas county praying for an annulment of her marriage with plaintiff in error and the custody of the minor child. The petition states such a cause of action that, if established by proof, would warrant the granting of the divorce. After the filing of the petition, plaintiff in error signed the following acceptance of service:

"I, Chris Davis, the defendant in the above entitled and numbered cause, do hereby waive the issuance and service of citation and notice on me in said cause and here now enter my appearance and agree that the said cause may be called and tried at the convenience of the court at (any) time after the expiration of thirty days after the filing of same, and at the convenience of the court.

"And I further state that I have read a copy of the plaintiff's petition herein and know its contents.          [Signed]   Chris Davis."

The case was tried on September 19, 1923, in the absence of plaintiff in error and without any special notice to him of its setting; the acceptance of service having been filed on September 8, 1923. During the same term of the court at which judgment was entered, and on December 1, 1923, plaintiff in error filed his motion for new trial, setting out the following grounds:

"First. Because the judgment of the court is contrary to the law.

"Second. Because the judgment is contrary to the evidence.

"Third. Because Amelia Davis, the plaintiff herein, made and entered into an agreement with this defendant, whereby, in consideration of the defendant's waiving service of citation in this cause, the plaintiff agreed that she would not answer ready for trial until after the expiration of 30 days from and after September 8, 1923. That the plaintiff failed to keep her said agreement with the defendant, and that she announced ready for trial before the expiration of said 30 days, and that said cause was heard at an unexpected time to this defendant and without his knowledge and appearance, and that by reason of the failure on the part of the plaintiff in the premises the defendant was prevented from being present and presenting his legal defenses at the said trial."

On the same day of the filing of the above motion, the court entered its order overruling same, to which plaintiff in error duly accepted and duly presents this ruling of the court as error.

[1] It will be noted that there is an entire absence in the motion for new trial of a statement of any grounds of defense that plaintiff in error had to this suit. He construes the acceptance of service into an agreement between the parties that the cause should not be called for trial until after the expiration of 30 days from the filing of the acceptance of service. Under the terms of this acceptance, the court acquired jurisdiction over the person of plaintiff in error as soon as same was filed in the trial court, to wit, on September 8, 1923. This jurisdiction was not affected by any stipulation in the acceptance of service as to when the case might be tried. If plaintiff in error construed the statement in the acceptance of service, to the effect that it was agreed that the cause would not be called and tried, as a stipulation that it would not be called for trial until after the expiration of 30 days from the date of the filing of said acceptance of service, then his ground for new trial would rest on the fraud practiced on him by trying the case prior to the expiration of said time and not on the want of jurisdiction of the court to try same. Under such a condition, it is absolutely essential, before the plaintiff in error could claim the right of a new trial, to show in the motion for a new trial that he had a meritorious defense to the suit. This he did not attempt to do. For a failure to make such showing, we hold that the trial court

did not err, even on plaintiff in error's construction of the terms on which service was accepted, in refusing the motion for new trial.

[2] We do not construe said acceptance of service as plaintiff in error construes same. We believe that the term, "after the expiration of thirty days after the filing of same," as used in said acceptance of service, clearly has reference to the filing of the petition in the suit, and not to the filing of the acceptance of service. Article 4632, Revised Statutes, as amended (Vernon's Ann. Civ. St. 1914, art. 4632), provides that a divorce suit cannot be tried until the expiration of 30 days after it is filed, and we think the use of the above-quoted expression in the acceptance of service was had to make it plain that the consent for trial of the case was given only in compliance with the statutory period of time within which same could be tried.

For the reasons above stated, it is our opinion that this case should be affirmed.

Affirmed.