### RADFORD v. RADFORD.
#### No. 4065.

Court of Civil Appeals of Texas. Texarkana.
Sept. 24, 1931.

See, also (Tex. Civ. App.) 42 S.W.(2d) 1064.

1062

Robert E. O'Keefe, of Longview, for plaintiff in error.

E. M. Bramlette, of Longview, and Walace Hawkins, of Dallas, amicus curiæ.

Houtchens & Houtchens, of Fort Worth, for defendant in error.

LEVY, J. (after stating the case as above).

The plaintiff in error by his assignments of error presents, in effect, the points in view, as grounds requiring the decree of divorce to be set aside and vacated, namely:

(1) That his petition was subject to a general demurrer because lacking in averment of sufficient legal grounds for divorce;

(2) That the judgment was taken by default without service of citation and without an appearance, acceptance, or waiver of process by the defendant;

(3) That the judgment was by default at a term of court before the return term of court and appearance day at which the law authorized the defendant to plead or make answer.

■ It is elementary and fundamental that the petition of the plaintiff must state facts sufficient to constitute a legal cause of action in his favor against the defendant; otherwise the petition would be so defective as to fail in setting out a legal cause for divorce and the jurisdiction of the court would not be invoked, and the judgment in favor of the plaintiff would be void. If there is a sufficiency of matters of substance alleged to constitute a legal cause for divorce, then the petition would be good as against a general demurrer, and the jurisdiction of the court would be invoked. In the present case the petition, as ground for divorce, averred generally that for two or three years the wife by a practiced course of cruel and harsh treatment, abuse and constant nagging toward him, and by the abuse of his children by a former marriage, has made "their living together as husband and wife unbearable and insupportable." There was also an allegation of false charge of adultery. It can be said that this latter averment, standing by itself and alone, would not entitle the husband to a divorce as for cruelty. McAlister v. McAlister, 71 Tex. 695, 10 S. W. 294. Such circumstance or factual element, however, is not entirely irrelevant and may be considered along with the other special circumstances in determining whether or not there is such ill treatment and misconduct of the offending spouse as to cause an unbearable marital relation and unpleasant home for the husband. And considering the allegations altogether, it is thought that it cannot be held that there is not sufficient statement of facts authorizing the court to hear evidence upon and award a decree of divorce. McCullough v. McCullough (Tex. Com. App.) 36 S.W.(2d) 459. If the allegations should be more definite and certain, a special exception and not a general demurrer is the proper means to do so. It is not required that every act going to make up ill treatment be specifically described in the language of the statute (Rev. St. 1925, art. 4629). Denning v. Denning (Tex. Civ. App.) 99 S. W. 1029; Gamblin v. Gamblin, 52 Tex. Civ. App. 479, 114 S. W. 408. The first point, therefore, must be overruled, since, as we conclude, the petition is not so defective as to fail in setting out a legal cause for divorce, and the jurisdiction of the court to try the cause was invoked.

■ The second point attacks the authority of the decree of divorce for lack of jurisdiction over the defendant Lizzie Radford. The decree of divorce as formally entered by the court recites on its face that Lizzie Radford, the defendant in the action, "waived service of citation, as required by law." In virtue of this recital, under the general unquestioned rule, the presumption must be indulged that the court duly acquired jurisdiction of the person of the defendant by her waiver of citation. 3 Tex. Jur. 289; R. C. L. p. 888; 23 Cyc. 766. And looking to the record there affirmatively appears a formal instrument duly filed in the cause by the district clerk, attested by two witnesses, and purporting to be executed and signed by the defendant, Lizzie Radford. This instrument of writing shows on its face, as recited in the decree of divorce, an express waiver by Lizzie Radford of "the issuance and service of citation, and certified copy of plaintiff's original petition in said cause." The instrument read in its entirety shows, by words and intention, an undertaking on the part of Lizzie Radford, not only to waive service of citation, but to duly enter her appearance for all purposes of the case. As stated in the instrument by Lizzie Radford, she "makes this her appearance and answer herein * * * and agrees that same (the suit for divorce) may proceed to trial and judgment as if she had been duly cited according to law, denying the allegations in said petition, and demanding strict proof thereof." The language clearly evidences the entering of a general appearance. Mueller v. Heidemeyer, 49 Tex. Civ. App. 259, 109 S. W. 447; St. Louis & S. F. R. Co. v. Hale, 109 Tex. 251, 206 S. W. 75. And it would seem to constitute an appearance within the purview of article 2047, R. S. Such instrument being required by law to be filed by the clerk of the court, may be looked to as a part of the record, as it would be authorized to be included in the transcript under the rules. Head v. Bank (Tex. Civ. App.) 16 S.W.(2d) 298. There is no pretense on the record that the defendant Lizzie Radford in any wise made withdrawal of her waiver and appearance before the decree of divorce was made by the court. There is a motion to strike this waiver from the transcript, but the motion cannot be sustained upon the ground urged. The court had the right to order the clerk to place the "file mark" upon it, there being no question made of its actual signing by defendant and delivery to the clerk on the date the "file mark" reflects. 3 Tex. Jur. 548. There appearing proof, not only by presumption, but of fact of waiver of service and appearance by the defendant, the second point must be overruled.

■ As respects the third point, the record shows that the action for divorce was filed for more than a year before the decree was entered. The petition for divorce was filed on September 19, 1929, and the decree of divorce was not made until November 1, 1930, the last day of the regular October term. Hence article 4632 of the statute was not vio-

lated, forbidding the trial of a divorce case until thirty days after the same is filed. That article, though, refers to the filing of the petition and does not have application to the filing of the acceptance of service. Davis v. Davis (Tex. Civ. App.) 271 S. W. 643. And the decree of divorce may not be held void upon the ground merely that it was made on November 1, 1930, the very day the waiver of service by the defendant was dated. The waiver of the defendant was general and in no wise placed any condition or limitation upon the time of the trial of the divorce case, or stipulated that the trial of the case should be delayed for any number of days. Since the waiver and appearance of Lizzie Radford was for general purposes, such character of appearance would legally operate to give jurisdiction to the court as to the whole case. Landa v. Banking Co. 10 Tex. Civ. App. 582, 31 S. W. 55. And the court was authorized to try the case at the same term of court at which the waiver was filed. Article 2036, R. S., allowing a defendant until the return term of court next after service in which to plead, applies only to personal service. Hill v. Baylor, 23 Tex. 261. Hence it may not be said that the decree was void because entered at any erroneous term of court, or prematurely, and the third point should be overruled. The judgment appearing in the record of date April 6, 1930, which when looked to as evidence, makes manifest that the court had jurisdiction of the defendant and the original divorce decree was in all things legally valid.

In addition to the reasons already given above, which we deem conclusive of the appeal, there is a further ground which, it is thought, compels a denial of any relief to the plaintiff in error. He himself brought this suit, and invoked the jurisdiction of the court and obtained a decree of divorce from his wife, and now by appeal by way of writ of error seeks to set the divorce aside, claiming the nullity of the decree and the want of jurisdiction over the wife. The principle seems clearly recognized that the plaintiff cannot be heard on appeal to claim the nullity of a decree in his favor, he having invoked the jurisdiction of the court and asked its rendition. Lacey v. Lacey, 38 Misc. Rep. 196, 77 N. Y. S. 235; 3 Story Eq. Jur. (14th Ed.) § 2020.

In passing it will be observed that the appellate court may not be held to be without jurisdiction to entertain this writ of error upon the ground that John Radford had chosen another method for the review and of vacating the original decree of divorce. John Radford had the right to appeal from one of the two distinct decrees, and the election and choice can be treated in the circumstances as having occurred when he exercised and perfected his right of writ of error. The writ of error being sued out and perfected within the statutory time, the right to the writ of error would not be foreclosed, and the appellate court would have jurisdiction to revise and review the decree of divorce.

The decree of divorce is in all things affirmed.