## WILLIAMS v. WILLIAMS.
### No. 9977.

Court of Civil Appeals of Texas. Galveston.
May 10, 1934.

J. A. Collier and M. L. Pepper, both of Houston, for appellant.

GRAVES, Justice.

A divorce between the parties to this cause was granted below on this petition therefor, filed by the appellee as plaintiff: "Plaintiff alleges that he and defendant were married in Harris County, Texas, on July 2, 1930, and lived together as husband and wife until August 31, 1932, when—on account of the cruelties hereinafter enumerated—plaintiff was compelled to separate from defendant without cause on his part, and that such cruelties render their further living together wholly insupportable, in this: that during their married life defendant has been extremely jealous without cause and has repeatedly accused plaintiff of criminal conduct with other women, which accusation was false and which said accusation was repeated by defendant up to the time of the separation herein alleged. That plaintiff's mother is wholly dependent upon plaintiff for her support, that defendant has conceived an aversion and hatred of plaintiff's said mother and has told plaintiff that she would not live with him further unless he abandoned his mother. That the conduct of defendant, as aforesaid, has upset plaintiff's peace of mind and annoyed and harassed and humiliated him until it is impossible for plaintiff to live further with defendant as his wife."

No report of the evidence adduced on the trial was taken, and the appeal comes up without a statement of facts, but, in support of its action, the trial court filed certain findings of fact and conclusions of law.

The main contention of the appellant in this court is that the quoted petition did not state a good cause of action for a divorce against her, in that the grounds therein alleged do not constitute cruelty within the meaning of R. S. art. 4629; especially so, since the acts so complained of were not charged to have been studied, willful, or deliberate; wherefore her general demurrer thereto, which was duly presented and overruled, should have been sustained.

That position is so clearly well taken that it is deemed unnecessary to here do more than

merely cite this unbroken line of our decisions so holding: Buckner v. Buckner (Tex. Civ. App.) 27 S.W.(2d) 311; McNabb v. McNabb (Tex. Civ. App.) 207 S. W. 129; De Fierros v. De Fierros (Tex. Civ. App.) 154 S. W. 1067; McAlister y. McAlister, 71 Tex. 695, 10 S. W. 294; Earle v. Earle (Tex. Civ. App.) 268 S. W. 232; Radford v. Radford (Tex. Civ. App.) 42 S.W.(2d) 1060, 1061; Stephens v. Stephens (Tex. Civ. App.) 281 S. W. 1096; McCullough v. McCullough, 120 Tex. 209, 36 S. W.(2d) 459.

As is obvious from its terms, this petition was not on a parity with that in the McCullough Case, supra, in that here there was not only no general averment to the effect that the defendant had been guilty of such cruel treatment of the plaintiff as to render their further living together insupportable, but the plaintiff descended to particulars and confined himself solely to the specific grounds of cruelty thus alleged; hence was bound to rely upon those alone.

It is quite true that the findings of fact contain recitals of conditions on which it would have been permissible to grant the divorce awarded, but, in the absence of a sufficient pleading to support it, they get nowhere. 25 Texas Jurisprudence, pp. 474, 478, and 481, and cited authorities.

The judgment will accordingly be reversed and the cause remanded for another trial.

Reversed and remanded.