## HANSEN v. HANSEN.

No. 9455.

Court of Civil Appeals of Texas. San Antonio.

Nov. 28, 1934.

Lloyd & Lloyd, of Alice, and M. J. Raymond, of Laredo, for appellant.

Edward A. Mullally and Bismark Pope, both of Laredo, for appellee.

BICKETT, Chief Justice.

L. W. Hansen sued Norene Dubose Hansen for a divorce upon the ground of cruel treatment; and, from a judgment in favor of plaintiff, defendant has appealed.

The cause of action alleged was, in substance, as follows: That plaintiff and defendant were married July 3, 1928, and had since resided in Webb county; that plaintiff had a son and daughter, children of a former marriage, age twenty-three years and twenty-one years, respectively, in 1933; that those children owned their deceased mother's interest in the home where the parties lived; and resided there; that about a year after the marriage defendant took a violent dislike to and hated the children, and began a studied and systematic course of conduct looking to their ouster from the home; that the children conducted themselves properly, and did nothing to deserve ill treatment from defendant; that plaintiff was a home-loving man, and conducted himself properly; that there was a strong mutual affection between plaintiff and the children; that defendant's treatment of the children deeply grieved plaintiff and caused him to suffer as though it had been toward him directly; that defendant was a headstrong woman of high temper, and no amount of reasoning would change her attitude; that defendant objected to plaintiff sitting in the same room with the children, refused to attend picture shows with plaintiff if the children were present, refused to cook food for the children, and forced plaintiff at times to cook the children's food or to make arrangements elsewhere for their meals; that on November 10, 1932, defendant demanded of plaintiff that he run his children away from home; that he refused to accede to the demand; that "thereupon, without another word to plaintiff, and while plaintiff was away from home, defendant left the house and went to live on her own ranch in Duval County"; and that defendant's conduct toward plaintiff's children had caused plaintiff to suffer mental injury resulting in the undermining of his health, and constituted cruelty toward him of such nature as to render their further living together as husband and wife insupportable.

Defendant had filed a suit for divorce against plaintiff four days after the filing of this suit. Her suit appears, however, to have been abated. She filed a cross-action in this suit, but upon the call of the case dismissed the cross-action. Her answer consisted of a general demurrer, special exceptions, a gen-

eral denial, and allegations concerning property rights.

The testimony of plaintiff and his daughter, the only witnesses, substantiated the allegations of the petition as to the conduct of defendant. They showed that defendant had a strong dislike for plaintiff's children, that she objected to their being members of the household, and that she did many "petty things" (so described in the petition) to prevent plaintiff's association with them and to deprive them of the enjoyment of the home. They did not testify to any acts or threats of physical violence, either toward plaintiff or the children, nor, even, to any outburst of temper or use of intemperate language toward any of them. They testified that defendant's conduct caused plaintiff to become worried and nervous and to lose sleep, but failed to show that his general health was affected.

The most that can be said to be shown by this record is that defendant had an aversion for plaintiff's children and that it brought about a state of discord and incompatibility between plaintiff and defendant.

The facts, as alleged and proved, failed to show any ground for divorce under the laws of this state. Article 4629, Revised Civil Statutes of Texas (1925); Speer, Law of Marital Rights in Texas (3d Ed.) §§ 600, 601; McNabb v. McNabb (Tex. Civ. App.) 207 S. W. 129; Stephens v. Stephens (Tex. Civ. App.) 281 S. W. 1096; Murchison v. Murchison (Tex. Civ. App.) 171 S. W. 790.

The trial court, therefore, erred in overruling defendant's motion for a peremptory instruction to the jury.

The judgment of the district court is reversed, and the cause remanded.