## HANSEN v. HANSEN.

### No. 9863.

Court of Civil Appeals of Texas. San Antonio.

June 3, 1936.

Rehearing Denied Aug. 19, 1936.

Lloyd & Lloyd, of Alice, for appellant.

Edward A. Mullally and Pope & Pope, all of Laredo, for appellee.

SMITH, Chief Justice.

This is an appeal by Norene Dubose Hansen from a decree of the district court of Webb county divorcing her from her husband, L. W. Hansen. In a former trial, the decree was granted Hansen upon jury findings, but upon appeal this court reversed and remanded the judgment, because of lack of pleadings and evidence to support it. Hansen v. Hansen (Tex.Civ. App.) 76 S.W.(2d) 552, 553.

It appears from the pleadings and evidence that appellee has a son and a daughter by a prior marriage. The son is now 25 years old, and the daughter, now married, 23 years old. Both, son and daughter, have continuously resided, and still reside, in the family home with their father and stepmother.

In his original petition appellee alleged, as sole grounds for divorce, that shortly after their marriage appellant became intensely jealous of her stepchildren, and objected to their presence in the home, and to their comradeship with their father; that she grew "cold" towards the children,

would not give them her care and attention in the home, would not converse with them, or permit their father to converse or associate with them in peace, and demanded of him that he drive them from the home, so that she and appellee would have the home to themselves; that this conduct upon her part greatly distressed him and rendered him nervous and unhappy, wherefore she was guilty of such cruel and inhuman treatment of him as to render their further living together insupportable. This was, in substance, the sum of appellee's grounds for divorce, as alleged in his original petition. The evidence upon the former trial, consisting of the testimony of appellee and his daughter, was in accordance with and supported those allegations, and the decree of divorce was granted upon those pleadings and that evidence. That decree was reversed by this court, upon the conclusion, as expressed by Chief Justice Bickett, that:

"The testimony of plaintiff and his daughter, the only witnesses, substantiated the allegations of the petition as to the conduct of defendant. They showed that defendant had a strong dislike for plaintiff's children, that she objected to their being members of the household, and that she did many 'petty things' (so described in the petition) to prevent plaintiff's association with them and to deprive them of the enjoyment of the home. They did not testify to any acts or threats of physical violence, either toward plaintiff or the children, nor, even, to any outburst of temper or use of intemperate language toward any of them. They testified that defendant's conduct caused plaintiff to become worried and nervous and to lose sleep, but failed to show that his general health was affected.

"The most that can be said to be shown by this record is that defendant had an aversion for plaintiff's children and that it brought about a state of discord and incompatibility between plaintiff and defendant.

"The facts, as alleged and proved, failed to show any ground for divorce under the laws of this state."

Upon the last trial, appellee alleged, in an amended petition, the same complaints above set out, but amplified and emphasized those complaints, including allegations that appellant's conduct had so distressed, harassed, and humiliated him as to seriously impair his health, and that, although he had pleaded with her to change her attitude toward his children, she had angrily refused to do so, and asserted that she would continue her attitude until the home was rid of the children. Upon the trial appellee and his daughter testified in support of those allegations, without contradiction from appellant, who offered no testimony in her own defense, or in contradiction of appellee's allegations and evidence.

As additional and new grounds for divorce appellee alleged, in his amended petition, that appellant had recently filed suit, in the district court of Jim Wells county, against appellee for divorce, in which she alleged, in general terms, that appellee had been guilty of adultery, and had contracted a loathsome venereal disease; and appellee further alleged, in this action, that appellant had filed a cross-action herein, in which she prayed for a divorce from appellee upon the grounds, as alleged in the Jim Wells suit, that appellee had been guilty of adultery and had contracted a loathsome venereal disease, which said cross-action, and allegations thereunder, had been abandoned by her in her trial answer. Appellee alleged, in his trial petition in this suit, that said allegations made by appellant in the Jim Wells suit, and in her abandoned cross-action in this cause, were false, and were maliciously made to humiliate, harass, and disgrace him in the eyes of the public, his friends, his family and his employer; that said allegations, along with the other alleged cruelties, resulted in serious injury to appellee's health. Copies of appellant's said pleadings in the Jim Wells court and of her abandoned cross-action in this suit were put in evidence by appellee, who testified that the allegations in those pleadings were false.

Appellant asserts that the offensive allegations in said pleadings, filed in the course of judicial procedure as they were, were privileged, afforded no cause of action, and could not be considered as an element of cruelty in this suit for divorce.

█ It is true, generally, that defamatory pleadings filed in the regular course of a judicial procedure are of such privileged nature that they cannot constitute a cause of action for injury occasioned by the allegations therein. 27 Tex.Jur. p. 540, § 34. But we do not understand that this rule is applicable, or has ever been applied, to divorce cases. It is inapplicable here.

■ The true rule should be, and we adopt it as applicable here, that allegations of one spouse in an action for divorce in another jurisdiction may not be effective as cause for divorce in a suit brought by the other spouse, so long as the other action is pending. The issue formed by the offending. allegations should be determined in the suit in which they are filed.

■ Of course, if such allegations are made in the pending suit, by way of cross-action, or even as a defense, the issue will be determined along with others made by the pleadings and evidence, and, if shown to have been falsely and maliciously made, and without any reasonable ground, the charges so made may be considered as an element of cruelty.

■ But we think that where, as in this case, a spouse makes such allegations in a pending case, but afterwards abandons them, they may be considered as an element of cruel and inhuman treatment, which, added to other proper elements, may warrant a decree of divorce, provided it is shown that they were not only false, but were made maliciously, and without any reasonably probable cause.

■ The fact of the voluntary abandonment of such allegations may be considered as a circumstance in determining the good faith of the party pleading them.

The foregoing observations are but expressions of first impression, the questions not having arisen in this state, or been settled in other jurisdictions. And, as the decree must be reversed upon other grounds, those observations may amount to no more than dicta.

■ As stated, the trial judge directed a verdict in favor of appellee upon the issue of divorce, and rendered judgment accordingly. In that we conclude the court erred, as a matter of law. For, while the evidence in divorce cases must be full and satisfactory to the trial judge, who may disregard affirmative jury findings upon the issue of good cause, and may direct a verdict denying divorce, his authority is limited to those actions, so that he may not direct a verdict in favor of divorce. His authority over verdicts in divorce cases is said to be not affirmative, but restrictive, or negative, so that he may not ignore a jury finding for the purpose of awarding a decree; and, as a correlative, he may not direct a verdict in favor of divorce. The books seem to show no case in which

a verdict has been directed in favor of divorce. This would certainly be true in this case, where the principal evidence consists of the testimony of the complaining spouse, whose credibility, and the weight of whose testimony, is to be passed upon by the trier of the facts. In this case appellant demanded and was allowed a jury, and was entitled to the benefit of their discretion in passing upon the evidence. It is true that appellant did not take the stand herself, or put on any evidence, and these facts may be considered as circumstances in determining the issues of the case, but appellant was entitled to have the jury pass upon the effect of those circumstances, in determining the issues.

■ We are of the opinion, further, that the question of the attitude of appellant towards appellee's son and daughter was not sufficient, under appellee's pleading and evidence, to support a decree of divorce. Both the pleadings and evidence were quite general. The testimony consisted of mere conclusions of appellant and his daughter, to show, generally, that appellant had grown "cold" towards appellee's son and daughter, and showed her attitude towards them by avoiding them, by resenting her husband's constant devotion and attention to them as interfering with the close relations and companionship between appellant and appellee; that she refused to cook for appellant's two grown children, except when her husband was at home, or to keep the home in order for them, while taking care of her own room; that she urged, and finally demanded of her husband, that he send his son and daughter away, and provide for them elsewhere, or let them make their own ways, to none of which appellee agreed. There was no testimony that appellant lacked affection for appellee, or neglected or mistreated him in any way, or failed in any way in her duty to him; unless it be in her attitude towards his grown children. On the contrary,. the plain inference from all the testimony is that appellant's attitude toward and treatment of and care for appellee, individually, was exemplary in all respects. The only complaint of appellee was that appellant wanted appellee's 25 year old son and married 23 year old daughter no longer to live in the home with appellee and appellant, but to go out and take care of themselves; whereas appellee insisted that they continue to reside in the home, to be there cared for by appellee and appellant, at the expense

of the community income, regardless and in spite of appellant's wishes or attitude. This court held, in the previous appeal, under similar record, that "the facts, as alleged and proved failed to show any ground for divorce under the laws of this State," and we must adhere to that decision.

The judgment is reversed and the cause remanded.

BOBBITT, J., did not participate in the decision of this case.