## HANSEN v. HANSEN.

### No. 10188.

Court of Civil Appeals of Texas.  San Antonio.

Dec. 1, 1937.

Lloyd & Lloyd, of Alice, for appellant.

Bismark Pope, of San Diego, and Edward A. Mullally, of Laredo, for appellee.

SLATTON, Justice.

L. W. Hansen filed this suit on the 18th day of August, 1933, in the Forty-Ninth district court of Webb county, against Norene Dubose Hansen, seeking a divorce on the grounds of cruelty.  About four days later Norene Dubose Hansen filed suit for divorce against L. W. Hansen in the district court of Duval county, to which L. W. Hansen filed a plea setting up grounds for abatement, alleging the pendency of this action in Webb county.  Apparently the Duval county suit is still pending.  Norene Dubose Hansen filed a cross-action in this suit seeking a divorce against L. W. Hansen, and before trial abandoned the cross-action, and in this suit only pleaded defensively.

This case came before this court and was reversed and remanded by an opinion in which Mr. Chief Justice Bickett expressed the views of the court.  76 S.W.2d 552. Upon another trial the second appeal reached this court and was reversed and remanded by an opinion written by Mr. Chief Justice Smith, 96 S.W.2d 548.

The pleadings of L. W. Hansen are much the same on the third trial as they were upon previous appeals, except upon this appeal L. W. Hansen alleged, in one count, a voluntary abandonment for a period of three years.  Upon this trial the trial court submitted special issues to the jury on the theory of cruelty and abandonment, as well as of property rights of the parties. The jury answered all issues favorable to L. W. Hansen, upon which the trial court entered a decree granting a divorce to L. W. Hansen.  The appellant, by several propositions, asserts that there was no evidence to sustain the findings of the jury.  With regard to cruel treatment of L. W. Hansen by the appellant, we have reconsidered the previous records on appeal of this cause, and we have read the entire record on this appeal.  We are of the opinion that the evidence upon this appeal is insufficient to entitle L. W. Hansen to a divorce.  On the question of cruel treatment there is no essential difference in the evidence upon this appeal than on the two previous appeals. We adhere to our opinions on the previous appeals.

On the theory of abandonment the trial court submitted to the jury two issues, as follows:

"Question No. 5.  Did defendant voluntarily leave the bed and board of plaintiff on or about November 10, 1932, with the intention of permanently abandoning him?

"Question No. 6.  Has defendant lived apart from plaintiff for more than three

years continuously since said date of November 10, 1932?"

These questions were answered by the jury in the affirmative.

■ The appellant objected to these issues and to the charge generally because it nowhere requested a finding by the jury whether or not the defendant left the plaintiff because of the acts, conduct, or procurement of the plaintiff. L. W. Hansen, testifying in his own behalf, stated that Mrs. Hansen left of her own free will and accord, and on cross-examination stated that he told her to get out if she was not going to change her attitude toward his children. Mrs. Hansen testified that L. W. Hansen told her to get out. Under the evidence there was a question of fact made for the jury as to whether or not Mrs. Hansen left because of the acts, conduct, procurement, or consent of L. W. Hansen. In the case of McGowen v. McGowen, 52 Tex. 657, our Supreme Court say: "To constitute such voluntary separation with intention of abandonment, which would authorize a divorce under the statute, the plaintiff should have neither caused, procured, nor consented to the separation. It should not have been a separation by mutual consent, but should have been a separation with intent of abandonment, under circumstances which would have amounted to a voluntary desertion upon the part of the defendant, without the fault, procurement, or consent of plaintiff."

We are of the opinion that the error requires a reversal.

■ The appellant further complains of the manner and form of the submission by the trial court of the questions with regard to the community estate. The trial court submitted to the jury the following questions, to wit:

"Was there any increase in plaintiff's financial worth during the time he and defendant lived together as husband and wife?

"If you have answered Question No. 7 'Yes,' then, in answer to this question, state how much was said increase?

We are of the opinion that this is an erroneous method of submitting the question for the determination of the jury; the question to be determined was: How much community property was there existing to the community estate of the parties?

■ The appellant further complains that in the submission of the cause to the jury upon special issues the trial court gave in effect a general charge upon the burden of proof. The questions hereinbefore quoted are representative of all the special issues which were submitted to the jury by the trial court. Preliminary to the statement of the questions submitted, the charge contained the following paragraph: "This case is submitted to you upon special issues in the form of questions for you to answer, according to the preponderance of the evidence upon each question; the burden of proof being on the plaintiff; and your answers thereto will constitute your verdict."

Appellant timely objected to this portion of the charge, for the reason, among others, that it was a general charge given in connection with special issues. This character of charge has been condemned many times by our Supreme Court. 41 Tex.Jur. p. 1196, § 331; Federal Surety Co. v. Smith (Tex. Com.App.) 41 S.W.2d 210; Gilmer v. Graham (Tex.Com.App.) 52 S.W.2d 263.

For the errors hereinbefore discussed, this decree will be reversed and the cause remanded.