Teresa R. SOLIS, Appellant,

v.

Dolores SOLIS, Appellee.

No. 13395.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 29, 1958.

Eligio De La Garza, Edinburg, for appellant.

Henrichson & Bates, Edinburg, for appellee.

BARROW, Justice.

This is an appeal from a judgment granting appellee, Dolores Solis, a divorce from appellant, Teresa R. Solis. The cause was tried to the court without a jury. For reversal of this case appellant relies upon two points.

■ By the first point, appellant contends that the court committed error in overruling her special exception to paragraph III of appellee's petition. Paragraph III, which is the only ground for divorce relied on, alleges cruel, harsh and tyrannical treatment in general terms, and does not specify any particular act of the treatment complained of. A divorce may be granted upon such general allegations of cruel treatment, without any particularity as to the facts relied on, in the absence of special exceptions addressed to such deficiencies, but where this type of pleading is specially excepted to for the reason that it is lacking in particulars to apprise the defendant of the grounds and particular acts relied on, the exception is well taken. Appellant's exception should have been sustained by the trial court and appellee required to plead the particulars of the grounds relied upon. However, in this case the record before us does not show that appellant suffered any injury by reason of such action, the error of the court did not result in any harm to appellant. Vise v. Foster, Tex.Civ.App., 247 S.W.2d 274, ref. n.r.e.; Rule 434, Texas Rules of Civil Procedure.

By her second point, appellant complains that the judgment granting the divorce was not based upon full and satisfactory evidence as required by statute.

■■ Inasmuch as appellee has filed no brief and made no oral argument in this Court, we are authorized to accept the statement of facts set forth by appellant as the true facts. The facts upon which the divorce was granted, which we take from appellant's brief, are as follows:

"Appellee testified that his wife gave him the impression that she did not like his folks, and that he did not get along with his step-daughter, and that his wife (appellant) gave him the impression that she would always side with her daughter, and further that she gave the house where they lived to her daughter and that he did not wear the pants in that house.

"On cross-examination appellee testified that appellant prepared his meals,

that she prepared his clothes, that she provided for the house when he was out of work, that he and appellant had no arguments except over his step-daughter and that he could straighten everything if he only wore the pants in the house. He further testified that he had been keeping company with another woman and had even gone so far as to take her with him to his mother's house to visit and that he was serious enough to marry her and he still continues to go around with her even while this matter is still pending. On direct examination he gave as his reason for a divorce the following:

"'Q. Why do you want a divorce from your wife? A. Well, I feel that she bossed that house around; I didn't have a free hand of ruling at home as a husband, and her daughter interfered constantly with us.'

"On re-direct examination appellee gave as his main reason for wanting a divorce the following, 'my purpose in asking for this divorce is to show that in ten years of married life I didn't accomplish anything because it all went to the girl and in her name, and I want to show her that I can own a house and provide and still feel it's mine, and her daughter is not going to get half of it. That is my main reason for a divorce.'"

We do not consider the proof in this case as measuring up to that degree of fullness and satisfaction required by our laws to dissolve the bonds of matrimony. Garcia v. Garcia, Tex.Civ.App., 185 S.W. 2d 227; Hansen v. Hansen, Tex.Civ.App., 76 S.W.2d 552; Williams v. Williams, Tex. Civ.App., 72 S.W.2d 668. As said by Judge Fly in Blake v. Blake, Tex.Civ.App., 263 S.W. 1075, 1076:

"* * * the statute does not provide that, when the living together of man and wife is, according to their testimony, wish, or desire, insupportable, a divorce is given, but it says:

"'Where either the husband or wife is guilty of excesses, cruel treatment or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable.' Rev.St. art. 4631.

"That provision should be strictly construed, and not so as to mean incompatibility and so as to include every whim or love of change, or the desire to marry some one else, or anything except such excesses, cruel treatment, or outrages as would render living together insupportable, meaning unendurable, intolerable, insufferable."

Under the circumstances, it is our duty to render the judgment which the trial court should have rendered.

The judgment of the trial court is reversed and judgment here rendered denying the divorce.