**Sybil SHELBURNE, Appellant,**

**v.**

**Leslie Lloyd SHELBURNE, Appellee.**

**No. 4279.**

Court of Civil Appeals of Texas.

Waco.

Oct. 1, 1964.

Bill Hilford, Houston, for appellant.

Eugene Chambers, Houston, for appellee.

TIREY, Justice.

Plaintiff grounded his cause of action for divorce on cruel treatment. He submitted his cause to the court without the aid of a jury. He went to trial on his Fifth Amended Original Petition. As grounds for cruel treatment he specifically alleged:

(1) "* * * that the defendant has many times brought another man, namely, Tommy Guthrie, into their home, and that on or about December 31, 1960, the defendant informed the plaintiff that she no longer wanted plaintiff, that she was in love with Tommy Guthrie, and that she wanted the plaintiff to leave her alone, and that the said Tommy Guthrie and the defendant communicated and socially engaged together openly until on or about January 29, 1961.

(2) "* * * that during the marriage defendant had one Bill Murphy in the home of plaintiff and defendant and has·in fact had Bill Murphy in a bedroom of the home of plaintiff and defendant and has in fact occupied the same bed with Bill Murphy.

(3) "* * * that the defendant has an uncontrollable temper and for the past ten (10) years that plaintiff and defendant have not been able to work out their prob-

lems without defendant going into an insane rage and cussing and abusing the said plaintiff."

Pertinent to this discussion defendant entered a general denial and specifically plead that she was not guilty of any wrongdoing in her relation to her husband, nor with any other men; and further specially plead that plaintiff forgave and condoned any and all acts of every kind and character which he now seeks to allege as grounds for divorce. She alleged that she had been forced to employ an attorney to represent her for a reasonable attorney fee of $500.00, and she asked that she be awarded such sum.

The Court granted plaintiff a divorce and made disposition of the community property and awarded the defendant $500.00 as reasonable attorney's fees to be deducted from plaintiff's interest in the community property. Because of the disposition to be made in the case we need not discuss this phase of the judgment further.

Defendant called for Findings of Fact and Conclusions of Law. On the allegations of cruel treatment, the court found:

"1. That the separation of plaintiff and defendant was not brought about or caused by plaintiff.

"2. That during the month of January, 1961, defendant had a social relationship with one Tommy Guthrie without the knowledge and/or consent of plaintiff.

"3. That subsequent to the filing of this suit for divorce by plaintiff and prior to the time of the trial hereof defendant had a social relationship with one Bill Murphy who spent a night in the home of plaintiff and defendant with only defendant and Darla Jean Shelburne and the said Bill Murphy present."

The judgment is assailed on six points, save and except that the award for attorney's fees is not challenged. Point 1 is:

"That based on the trial court's own findings of fact, that court erred in making its conclusions of law that defendant was guilty of excesses, cruel treatment and outrages toward plaintiff of such a nature as to render their further living together insupportable and to entitle plaintiff to a divorce and partition of the community property."

We sustain this point, and it will require us to Reverse and Render this cause granting the divorce.

■ This action for divorce is ruled by the pronouncement of our Supreme Court in McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459. In that opinion our Supreme Court reviewed some of the early landmark decisions of our courts dealing with divorce and announced the following rule:

"We therefore hold that the excesses, cruel treatment, or outrages provided in our statute as a ground for divorce are sufficient if they are of such a nature as to render further living together insupportable, and that without regard to whether such treatment is of such a nature as to threaten impairment of the physical health of the wife. Of course the sacredness of the marriage relation should be kept in view and divorces should not be granted on trivial matters or disagreements."

Our Supreme Court has not seen fit to change this rule.

■ We have read very carefully the entire statement of facts and it is our view that the proof here tendered is not and was not that full and satisfactory proof contemplated by the legislature and as interpreted by our courts as being sufficient to establish cruel treatment and render further living together of these parties insupportable. For statement of the foregoing rule see Green v. Green, Tex.Civ.App., 268 S.W.2d 237, point 1, and cases there cited. See also Allen v. Allen, Tex.Civ.App., 267 S.W.2d

911, point 1; Grywalski v. Grywalski, Tex. Civ.App., 263 S.W.2d 684, point 3; Solis v. Solis, Tex.Civ.App., 317 S.W.2d 237. In all events, we think the evidence shows without dispute that plaintiff condoned any mental cruelty, if any he had suffered, at the time of the separation.

It is our view that a recitation of the testimony tendered would not be of any precedential value. Being of this view this cause as to granting of the divorce is reversed and rendered, but the judgment, insofar as the award of $500.00 attorney's fees in favor of appellant, is affirmed.

Accordingly, the judgment is reversed and rendered in part and in part affirmed.