## AYLESWORTH v. AYLESWORTH.
### (No. 1970.)

(Court of Civil Appeals of Texas. El Paso. March 3, 1927.)

**I. Divorce ⚖⇒184(6)—In actions for divorce, rule that juries' findings are not disturbed on appeal, where supported by evidence, does not apply (Rev. St. 1925, art. 4632).**

Rule that findings of juries are not disturbed by appellate courts, where supported by evidence, does not apply in actions for divorce, in view of Rev. St. 1925, art. 4632.

**2. Divorce ⚖⇒27(18)—That husband was required at times to prepare his meals and that wife on occasions stayed out late, returning home intoxicated, held not to entitle husband to divorce (Rev. St. 1925, art. 4632).**

Fact that during 12 years of married life husband prepared his own meals some 20 times and wife was out late at night some 10 or 15 times, returning home in intoxicated condition 5 or 6 times, *held* insufficient to show course of conduct warranting divorce as rendering further living together insupportable, as decree in divorce actions must, under Rev. St. 1925, art. 4632, be upon full and satisfactory evidence.

**3. Divorce ⚖⇒27(1)—Divorce should not be granted unless conduct of one of parties has been such as to render living together intolerable.**

Marriage contract should not be dissolved unless, in truth and in fact, one of parties has been guilty of such conduct as to render further living together intolerable.

Error from District Court, El Paso County; P. R. Price, Judge.

Action by J. T. Aylesworth against Victoria C. Aylesworth for divorce. Decree for plaintiff, and defendant brings error. Reversed and rendered.

S. J. Dodson and Harper & Howard, all of El Paso, for plaintiff in error.

R. B. Redic, of El Paso, for defendant in error.

PELPHREY, C. J. This is an action for divorce, brought by defendant in error against plaintiff in error, on the ground of excesses, cruel treatment, and outrages.

Plaintiff in error answered by a general demurrer and general denial.

The case was tried by a jury and submitted on the following special issues:

"Question No. 1: Do you find from a preponderance of the evidence that the defendant, Mrs. Aylesworth, unreasonably refused or failed to prepare meals for plaintiff? Answer 'Yes' or 'No.'

"If you have answered, 'Yes' to the foregoing question then, but not otherwise, answer the following question:

"Question No. 2: Do you find from a preponderance of the evidence that a failure or refusal to so prepare the meals for plaintiff, if she did

so fail, constituted cruel treatment of such a nature as to render their further living together as husband and wife insupportable to plaintiff? Answer 'Yes' or 'No.'

"Question No. 3: Do you find from a preponderance of the evidence that defendant frequently went out at night, staying late, and returning in an intoxicated condition? Answer 'Yes' or 'No.'

"If you have answered 'Yes,' to the foregoing question, then, but not otherwise, answer the following question:

"Question No. 4: Do you find from a preponderance of the evidence that, under all the facts and circumstances, her conduct in so doing, if she did so conduct herself, amounted to cruel treatment on her part of such a nature as to render their further living together as man and wife insupportable to plaintiff? Answer 'Yes' or 'No.'"

All issues were answered in the affirmative by the jury and the court thereupon rendered judgment granting a decree of divorce to defendant in error. From that judgment Mrs. Aylesworth has appealed.

### Opinion.

Plaintiff in error questions the sufficiency of the evidence to support the findings of the jury.

[1] Ordinarily, the findings of juries are not disturbed by appellate courts where there is evidence to support them, but a different rule applies in actions for divorce.

Article 4632 of our statutes provides that the decree of the court in divorce actions shall be upon full and satisfactory evidence, and it has been held that this provision governs appellate as well as trial courts. Erwin v. Erwin (Tex. Civ. App.) 40 S. W. 53; Smith v. Smith (Tex. Civ. App.) 218 S. W. 602; De Fierros v. Fierros (Tex. Civ. App.) 154 S. W. 1067.

[2] The testimony of defendant in error shows that, during the 12 years the parties have lived in El Paso, he has prepared his own meals not to exceed 20 times.

To hold that this fact would authorize a court to dissolve the most sacred and important relation known to man seems to us to be entirely preposterous.

According to the testimony of defendant in error, plaintiff in error had been out late at night some 10 or 15 times and had been in an intoxicated condition when she came home some 5 or 6 times.

This is disputed by both plaintiff in error and her daughter, but, granting the testimony of defendant in error to be true, is it sufficient to show a course of conduct which would render the further living together of the parties insupportable? We think not. While the staying out at night of either a wife or husband, or intoxication on the part of either is certainly not to be commended, yet, under the facts of this case, we do not feel that the conduct of the plaintiff in error has been such

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

as to render their further living together insupportable.

[3] Divorces should not be granted upon every passing whim of either the husband or wife, and the marriage contract, one in which society has a vital interest, should not be dissolved unless, in truth and in fact, one of the parties has been guilty of such conduct as to render further living with them intolerable.

Storms will naturally arise on the sea of matrimony, and we wish to put our stamp of disapproval upon the general belief that divorces may be had in this state merely for the asking. The record shows a full development of the evidence in the case, and, deeming it insufficient to justify a decree of divorce, the judgment will be reversed and judgment here rendered that defendant in error take nothing by his suit, that a divorce be denied, and that he pay all costs of this suit.

Reversed and rendered.