## GREEN v. GREEN.

### No. 3158.

Court of Civil Appeals of Texas.

Waco.

May 6, 1954.

H. S. Beard, Pat Beard, Waco, for appellant.

O'Dowd & O'Dowd, Waco, for appellee.

HALE, Justice.

This is an appeal from a judgment granting appellee a divorce on the ground of cruel treatment and awarding to appellant the custody of her eleven year old daughter. Appellant says the judgment should be reversed because the evidence adduced upon the trial was insufficient to show that she had been guilty of such cruel treatment toward her husband as to render their living together insupportable. After a careful inspection of the record before us, we have concluded that appellant's contentions must be sustained.

The pleadings and evidence show that the parties were married on October 17, 1928 and lived together as husband and wife un-. til July 26, 1953. The only acts of cruelty, if any, alleged by appellee in his trial petition were as follows: "Plaintiff would show to the Court that defendant constantly nagged at him, criticized him, found fault with him, and that such conduct has rendered their future living together as husband and wife insupportable." Appellant excepted to the foregoing allegations and to appellee's trial petition as a whole because the same were vague, uncertain and indefinite and did not "inform defendant of any act on which he bases his cause of action" and because the petition did not state a cause of action.

Appellee and .appellant were the only witnesses who testified upon the trial. When appellee was asked by his counsel "to just tell the Court in your own words what brought about and caused your separation," he stated as follows: "Well, it happened back—started back in, during the war. The war was about 1941. I was accused of laying out and running around and continued on. I got ready then and started to leave and my oldest daughter, then approximately ten years old, grabbed me and says 'Daddy, don't leave.' She wouldn't turn me loose and I turned around to her and I told her, I says 'I will stay with you until the kids are grown.' I says 'then I am going.' So they are grown." Appellee also testified to an occurrence that happened in 1944 when his wife found a hair ribbon and some cigarette butts in the car he was driving and after she asked him where they came from he told her he. didn't know. The foregoing incidents are the only specific acts of claimed misconduct on the part of appellant to which appellee testified. His other testimony relative to improper conduct was general in nature and consisted of his opinions and conclusions to the effect that his wife constantly nagged and criticized him.

On cross-examination appellee testified in part as follows:

"Q. I want you to tell the Court one single cruel thing that she ever did during the twenty-five years that you were married? A. She was always nagging at me..

"Q. That is too general. I want you to tell the Court something she did? A. Well, I would come in and she would say 'did you work tonight?' I says 'Yes.' 'Well, I went by there and you wasn't there.' Well, I was across the street getting coffee.

"Q. How long ago has it been since she said anything like that? A. It was last year, and also this year.

"Q. Can you think of anything else that she has ever said or done more than you have told the Court? A. It has been every night when I would come in when I was on the swing shift.

"Q. Tell the Court what she did? A. Just that. 'Did you work tonight'. 'Yes.' 'Well, I went by there and you were not there.' "

It is well settled under the decisions of our courts that the overt act or acts constituting legal cruelty must be established by "full and satisfactory evidence" before a divorce can properly be granted upon that ground. Such is the express requirement contained in Art. 4632 of Vernon's Tex.Civ. Stats. We recognize that broad discretionary powers are vested in the trial judge to determine in the first instance the quantum and weight of evidence necessary to meet this test. However, on appeal from a judgment granting a divorce the findings of the trial judge are not binding on the appellate court, as in ordinary proceedings, and the judgment should be reversed if the appellate court is not satisfied that the ground upon which the divorce was granted has been established by sufficient evidence. Aylesworth v. Aylesworth, Tex.Civ.App., 292 S.W. 963; Jasper v. Jasper, Tex.Civ.App., 2 S.W.2d 468; Yosko v. Yosko, Tex.Civ. App., 97 S.W.2d 1023.

In our opinion, appellee failed to establish by full and. satisfactory evidence that any overt act or .acts on the part of appellant constituted excesses, cruel treat-

ment, or outrages toward appellee of such a nature as to render their living together insupportable. The overt acts committed by appellant in 1941 and 1944, as testified to by appellee, could not form a proper basis for granting appellee a divorce after he had condoned such misconduct, if any, by continuing to live with appellant as her husband until 1953. Not only was the testimony of appellee, if true, insufficient to entitle him to a divorce, but his testimony was directly disputed by that of appellant. She denied that she accused her husband of any wrongdoing in 1941 or in 1944 or at any other time during their marriage. She also tesified that she had never nagged at him or criticized him, that she had been kind to him and knew of no reason why they could not or should not continue to live together as husband and wife.

 Although appellee testified that his wife's nagging had injured his health by making him nervous and interfering with his sleep and appetite, we fail to see how any of the innocuous questions which he said she asked him or the insipid conversations to which he testified could have had any substantial effect upon the prevailing condition of his general health. Appellee also testified that he definitely would not ever live with his wife again. But that fact alone, though regrettable and unfortunate in consequences as it may be, would not justify the courts in granting him a divorce and thereby relieve him from his legal obligation to provide for his wife the reasonable necessities of life. Ritch v. Ritch, Tex. Civ.App., 242 S.W.2d 210.

It appears to us that this is simply a case where the husband, according to his own testimony, made up his mind back in 1941 that his marriage was unsatisfactory to him and that he would leave his wife when he thought the opportune time for that event had arrived. The bonds of matrimony are too sacred and the continuity of marriage contracts is too significant to the social order to be dissolved and terminated by judicial decree on any such grounds. Burns v. Burns, Tex.Civ.App., 76 S.W.2d

821; Pybus v. Pybus, Tex.Civ.App., 147 S.W.2d 512; Brown v. Brown, Tex.Civ. App., 191 S.W.2d 814; Bippus v. Bippus, Tex.Civ.App., 246 S.W.2d 502.

Therefore, the judgment appealed from will be reversed and the cause remanded to the court below for further proceedings not inconsistent with the views herein expressed.