John E. GUNTHER, Appellant,

v.

Dorothy Sue GUNTHER, Appellee.

No. 13016.

Court of Civil Appeals of Texas.

Galveston.

Jan. 10, 1957.

Bernard A. Golding, Houston, for appellant.

Merrill & Scott and William H. Scott, Jr., Houston, for appellee.

HAMBLEN, Chief Justice.

This appeal is from a judgment of divorce granted appellee upon her cross-action. Appellant and appellee were married in June of 1941 and lived together until September of 1954. Two children were born of the marriage, who, at the time of their parents' separation, were respectively ten and eight years of age. Appellant instituted this suit on September 10,. 1954, alleging cruel treatment. On September 28, 1954, appellee filed an answer and cross-action, also alleging cruel treatment. Repeated unsuccessful efforts were made by counsel for the litigants to secure the trial of the cause in its regular order on the docket of the trial court. The hearing, which resulted in the judgment appealed from, was had on November 4, 1955, upon a special setting made by agreement between counsel for the litigants and the trial court. Trial was before the court without a jury. The judgment, in addition to granting the divorce, provided for custody and support of the two children of the marriage and for partition of the community property. Appellant was not present at the hearing, but was represented by counsel.

After entry of judgment on November 23, 1955, appellant, represented by newly employed counsel, filed a motion to vacate the judgment. The grounds alleged were that his absence at the time of the trial was attributable to adventitious circumstances, was not occasioned by fault or negligence on his part; that he had no notice of the special setting; that he had a meritorious defense to appellee's action, and had been injured by the trial of the case in his absence without opportunity to present such defense. This motion, as timely amended, was overruled by the trial court, and this appeal followed.

Two points of error are asserted. By Point No. 1 appellant complains of the action of the trial court in refusing to set aside the judgment for the reasons set forth in his motion to vacate. By Point No. 2 appellant asserts that the proof offered by appellee fails to meet the "full and satis-

factory evidence" requirement made mandatory by Article 4632, V.A.T.S. We sustain appellant's Point No. 2.

In support of her allegation of cruel treatment, appellee alone testified. Asked by her counsel to describe the conduct on the part of her husband which caused the separation, she answered: "A. I suppose the thing that actually brought about my seeking legal help was the time he struck me and threatened he would choke the life out of me."

Appellee testified that immediately thereafter she moved out of the room and no longer slept with her husband. She further testified to continuous arguments and quarrels starting shortly after her marriage to appellant, which she attributed primarily to interference on the part of appellant's mother, and to appellant's unfounded accusations of misconduct on her part.

Under examination by the trial court, appellee testified as follows:

"Q. Did you give him any cause to do that? A. We were having an argument.

"Q. Who started it? A. I don't recall. I think it was a mutual start. We were having a discussion and one thing lead to another, and he called me an ugly name and I slapped him and he slapped me back, and he hit me several times and pulled my arm behind me and had one hand at my throat and said, 'I should choke the life out of you.'"

Under cross-examination she testified:

"Q. Did you ever have any trouble with your husband, Mrs. Gunther, other than that one time that you may have provoked and caused it? A. What do you mean, trouble?

"Q. For instance, physical violence and cursing him. A. He cursed me a number of times, but whether or not I provoked it, I don't know.

"Q. You are not denying you did? You are not trying to leave the impression you are lily-white? A. No, I am not."

There can be no doubt but that it is the duty of courts of civil appeals to pass upon the question of whether evidence supports the right to a divorce. Cline v. Cline, Tex.Civ.App. Galveston, 243 S.W. 2d 244. In a divorce suit the evidence must satisfy the appellate court as well as the trial court. Ritch v. Ritch, Tex.Civ.App. Dallas, 242 S.W.2d 210. Where, as in the last cited case, the question is whether the facts relied upon to secure a divorce fail to come within, or to constitute any recognized ground for divorce, the issue on appeal is one of law, determinable as in other civil cases; but, from the authorities it is clear that the duty of an appellate court goes further than to determine the legal sufficiency of the grounds alleged and proven. In undertaking to ascertain the nature and extent of the review of the evidence which we are called upon to make, we note that it has been held that we have no authority to pass upon the credibility of witnesses. Robinson v. Robinson, Tex.Civ.App. San Antonio, 235 S.W.2d 228, 229. The clearest statement of the duty of an appellate court, and in which statement we concur, is set forth in the opinion by Judge Norvell in the last cited case, as follows:

"In most cases where appellate courts have held that the evidence failed to meet the clear and satisfactory test, it will be found that the testimony was equivocal in nature, that is, a party or witness had testified to conclusions or given summations of conduct which although true might either encompass serious wrongs or amount to nothing more than a description of mere domestic bickering. Such expressions as, 'He was mean and hateful and would oppose anything I wanted to do,' or 'He was always humiliating me in front of my friends and trying to make out like I didn't have any sense,' call for further explanation or clarification before they meet

the clear and satisfactory test. In such instances, the credibility of the witness is not involved. From an inspection of the written record, the lack of detail and specific statement may be ascertained. Examples of evidence which the appellate courts have in recent cases held to be insufficient under the clear and satisfactory rule are contained in the reports of Garcia v. Garcia, Tex.Civ.App., 185 S.W. 2d 227; Mayen v. Mayen, Tex.Civ.App., 177 S.W. 2d 240; and Warfield v. Warfield, Tex.Civ. App., 161 S.W.2d 533."

■ Testimony to the effect that further living together is insupportable is but the statement of a conclusion which, standing alone and in the absence of proof of facts which support such conclusion, will not justify a decree of divorce. Green v. Green, Tex.Civ.App. Waco, 268 S.W.2d 237.

■ We construe the authorities which we have examined as holding that it is our duty to examine the evidence not only to determine whether or not the facts testified to support the ultimate conclusion of legal cruelty, but also to determine whether or not such facts have been sufficiently developed to meet the "full and satisfactory" evidence requirement of Article 4632, V.A. T.S.

■ There can be no doubt but that the facts testified to by appellee, if sufficiently and unequivocally developed, are legally sufficient to support a decree of divorce. It has been so held too frequently to require citation of authority. However, the contrary has likewise been frequently held. Dickey v. Dickey, Tex.Civ.App. Texarkana, 290 S.W.2d 933; McNabb v. McNabb, Tex.Civ.App., 207 S.W. 129; Cantwell v. Cantwell, Tex.Civ.App., 217 S.W.2d 450; Green v. Green, Tex.Civ.App., 268 S.W.2d 237; Bippus v. Bippus, Tex.Civ.App., 246 S. W.2d 502; Robinson v. Robinson, Tex.Civ. App., 235 S.W.2d 228. However, it is our conclusion that appellee has failed to fully and satisfactorily establish the facts upon which she relies. To the contrary, we conclude that when appellee's entire testimony is examined, particularly as it is developed under cross-examination by the trial court, the facts as established are equally consistent with the idea that the conduct of appellant about which she complains constitutes nothing more than mutual domestic bickering. Rather than support her allegations of her own kindness and affection and mindfulness of her marital obligations, appellee readily concedes her own derelictions as well as her possible provocation of her husband's conduct. In the one instance of physical violence to which she testified, she identifies herself as the initial aggressor. Her recitation of appellant's spoken words at that time negatives the idea of a threat of future violence, and only affirms an expression by him of an opinion as to what he "should" do. She describes no physical fear on her part originating in his acts or statements and complains of no nervousness or impairment of her health. Her complaints of interference on the part of appellant's mother, as well as accusations by appellant of her own misconduct, are completely lacking in detail as to the degree, extent or nature thereof.

The sacredness of the marriage relationship and the interest of the State in the preservation thereof, particularly where there are children involved, has been repeatedly re-affirmed by the courts of Texas. In Ritch v. Ritch, supra [242 S.W.2d 212], it is said that cruel treatment such as will support a decree of divorce must be such that living together would be "unendurable, intolerable and insufferable." This record fails to fully and satisfactorily establish that condition.

■■ Our conclusion relative to appellant's second point of error requires a reversal of the judgment of the trial court, and renders appellant's first point of error immaterial. However, we have carefully examined the record and hold that there is no merit in the first point of error heretofore stated. The record discloses that the special setting upon which this cause was tried was made by counsel for appel-

lant. The actual trial took place between the hours of 3 p.m. and 5 p.m. on November 4, 1955. The record discloses that in some manner appellant received notice of said setting and impending trial at or before 1:30 p.m. on that date. At such time appellant was in Texas City, Texas, calling upon customers of his business. The record establishes that Texas City is thirty-eight miles distant from the City of Houston where the trial took place. We can take judicial knowledge of the fact that appellant could have reached Houston within one hour's time. Rather than do so, or undertake to do so, appellant simply called the Clerk of the trial court and stated that he would not be present, gave no reason for his absence, and continued to pursue his private business for the next several hours, during which time the trial proceeded. We hold that the record establishes, as the trial court has held, that appellant's absence was not caused by adventitious circumstances, but by his own neglect.

Since our order of reversal rests upon the failure to fully develop the case before the trial court, it is ordered that it be remanded for retrial.

Reversed and remanded.

CODY, J., not sitting.