**Mildred S. FULLER, Appellant,**

**v.**

**Whitman D. FULLER, Appellee.**

No. 13364.

Court of Civil Appeals of Texas.

San Antonio.

June 18, 1958.

---◆---

M. A. Childers, Sam Harrison, San Antonio, for appellant.

Wolff & Wolff, San Antonio, for appellee.

BARROW, Justice.

This suit was brought by appellee, Whitman D. Fuller, against appellant, Mildred S. Fuller, seeking a divorce. The appellant was cited by publication and, not having appeared nor answered, the court appointed an attorney to represent her. The court rendered judgment granting the divorce, and appellant presented a motion to set aside the judgment and grant her a new trial. The trial court overruled said motion and appellant has duly perfected her appeal.

The appellee alleged cruel treatment in general terms, and did not allege any specific acts of cruelty. After the trial, as provided in Rule 244, Texas Rules of Civil Procedure, the trial court caused to be filed a statement of evidence, which was approved by the attorney for plaintiff, the attorney ad litem and the court. The only evidence shown in the statement tending to prove any grounds for divorce is as follows:

"Plaintiff has always attempted to provide a proper home for the defendant but defendant unmindful of her marital vow has conducted a course of harsh, cruel and tyrannical treatment of such a nature as to render plaintiff's further living together with her as husband and wife wholly insupportable."

This is substantially a copy of the general allegation contained in plaintiff's petition. Not one specific act of cruelty was proved. We must assume that this general conclusion of the witness was all that was testified to, for the reason that the first paragraph of the statement reads as follows:

"Be it remembered that the following is a true and correct statement of all the material testimony adduced upon the trial of the above styled and numbered cause on January 27, 1958. The plaintiff being duly sworn testified as follows:"

It is apparent that the judgment is supported alone by the conclusion of the appellee, without any facts upon which to base that conclusion. Article 4632, Vernon's Ann.Tex.Stats., requires that the decree of the court shall be rendered upon full and satisfactory evidence.

In Green v. Green, Tex.Civ.App., 268 S.W.2d 237, 238, the Court said:

"It is well settled under the decisions of our courts that the overt act or acts constituting legal cruelty must be established by 'full and satisfactory evidence' before a divorce can properly be granted upon that ground."

In Gunther v. Gunther, Tex.Civ.App., 297 S.W.2d 725, 728, the Court said:

"Testimony to the effect that further living together is insupportable is but the statement of a conclusion which, standing alone and in the absence of proof of facts which support such conclusion, will not justify a decree of divorce."

See also, Pickens v. Pickens, Tex.Civ.App., 261 S.W.2d 744; Resendez v. Resendez, Tex.Civ.App., 282 S.W.2d 318; Dickey v. Dickey, Tex.Civ.App., 290 S.W.2d 933.

The judgment is reversed and the cause remanded.