J. B. PICKARD, Jr., Appellant,

v.

Eva Gay PICKARD, Appellee.

No. 6210.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 19, 1959.

Rehearing Denied March 18, 1959.

R. C. Musslewhite, Lufkin, for appellant.

Sumner Williams, Jr., Lufkin, for apellee.

HIGHTOWER, Justice.

This appeal is from a judgment in favor of Eva Gay Pickard, appellee, for divorce and property settlement against J. B. Pickard, Jr., appellant. The judgment was rendered on a jury finding of "mental cruelty" under Article 4629, Sec. 1, R.C.S., Vernon's Ann.Civ.St. art. 4629(1).

Of the appellant's 21 points of error we discuss the first 10 which attack all phases of the evidence relating to the jury finding that the acts of appellant constituted such excesses, cruel treatment, and outrages as to render living together insupportable. He particularly contends that the evidence fails to meet the "full and satisfactory" evidence requirement of Article 4632, R.C.S., Vernon's Ann.Civ.St. art. 4632.

We must sustain the appellant's contentions. The appellee does not appear to seriously contend that she was denied her husband's kindness and marital obligations. To the contrary her testimony discloses appellant to have been so enamored of her as to engage her in sexual relationship almost nightly. She complains, however, that upon these occasions she received no satisfaction, although her husband did, and that as a result of these continuing frustrations she became the subject of nervous tension and severe headaches. Upon her husband's suggestion she sought medical advice and was advised that she alone could remedy her dilemma. She then concluded: "And I finally decided that if I was going on having headaches and being nervous, that it either meant my health or my marriage, so I let the marriage go." The appellee also expressed several other conclusions such as that "my marriage was terrible" and "that it was solely because of the acts and conduct of Mr. Pickard."

It seems clear that the only quarrels the couple ever engaged in resulted from appellee's frequent association with a married man employed where she also worked. In this connection it appears that the appellant remonstrated mildly (surprisingly so) with her once or twice, about her continued association with the gentleman. She stated that she separated from appellant completely on the last occasion he so remonstrated with her. She does not charge him with abusive language or manners, threats or willful injury to her person. It appears that she seeks only to lay her plight within the purview of such authorities as Norvell v. Norvell, Tex.Civ.App., 194 S.W.2d 270, to the effect that where a wife is in a delicate state of health the husband's persistent demands for sexual relations may render cohabitation unendurable and so constitute cruelty. It does not appear, however, that appellee ever protested or sought surcease from appellant other than to discuss the situation with him and upon his advice seek medical help. We are aware of no authorities which establish similar circumstances to be within the purview of Article 4629, supra, and so sustain the appellant's first 10 points of error. Gunther v. Gunther, Tex.Civ.App., 297 S.W.2d 725. It follows from what we have said that it is unnecessary to determine the merits of appellant's remaining points of error, and the judgment of the trial court is accordingly reversed and here rendered that the appellee take nothing by reason of her suit.