### EARLE v. EARLE. (No. 8574.)

(Court of Civil Appeals of Texas. Galveston. Dec. 3, 1924.)

1. **Divorce** �kö=93(3)—**Allegations that defendant was guilty of cruel and harsh treatment held too general.**

In suit for divorce, general allegations that defendant was guilty of cruel and harsh treatment *held* demurrable, as being too general to entitle plaintiff to a divorce.

2. **Divorce** ⊙=27(18)—**Neglect of household duties or use of improper language held not ground for divorce.**

That defendant failed to properly cook plaintiff's food and to properly care for his bed, and that she used improper language toward him and charged him with being guilty of adultery, would not entitle plaintiff to a divorce.

3. **Pleading** ⊙=204(2)—**General demurrer to petition properly overruled, where parts state a cause of action.**

General demurrer to a petition is properly overruled, where parts of petition state a cause of action.

4. **Divorce** ⊙=27(18)—**Striking plaintiff while sick or putting him in fear of death or putting poison in food ground for divorce.**

In suit for divorce, allegations that defendant struck plaintiff when he was sick and helpless and used violent language toward him and thereby put him in fear of death, and that she tried to poison him, if proven, would entitle plaintiff to a divorce.

5. **Deeds** ⊙=190—**Allegations in suit to cancel deed held sufficient to admit evidence of their truth.**

In suit to cancel a deed, allegations relative to promises and fraud practiced on plaintiff by defendant to induce him to execute and deliver deed to her were sufficient to admit evidence of their truth.

6. **Deeds** ⊙=185—**Allegations in suit to cancel deed held not subject to general demurrer.**

Allegations in suit to cancel a deed, when taken together and as a whole, *held* not subject to general demurrer.

7. **Deeds** ⊙=185—**Allegations in suit for divorce and cancellation of deed held sufficient cause for canceling deed.**

Allegation in suit for divorce and cancellation of a deed, when considered as a whole, if proven, *held* sufficient cause for canceling deed.

Appeal from District Court, Matagorda County; M. S. Munson, Judge.

---

⊙=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by Jake Earle against Sarah Earle. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Holland & Holland, of Houston, for appellant.

W. S. Holman, of Bay City, for appellee.

LANE, J. This suit was brought by appellee, Jake Earle, against appellant, Sarah Earle, praying for the dissolution of the marriage relations existing between said parties, and for the cancellation of a certain deed executed by him by which he conveyed certain land to appellant while he was living with her as his wife.

As grounds for the divorce the plaintiff alleged, first, that he was an infirm man of about 80 years of age, and that defendant was guilty of cruel and harsh treatment of him; second, that defendant neglected her household duties and refused to properly cook plaintiff's food or to properly take care of his bed; third, that defendant, while plaintiff was sick and helpless and too weak to resist or talk, violently struck and jerked him, and by violent and vicious acts and words frightened him and caused him to fear that she would kill him or do him serious bodily injury; fourth, that she called him a "damn old fool" and a "damn old liar" and charged him with having stolen certain money from her, and also charged him with adultery with other women; and fifth, that she tried to poison him by putting poison in his food.

As grounds for annulling the deed mentioned, the plaintiff alleged:

"(1) That plaintiff was at the time said deed was executed and long prior thereto ill in health and infirm in mind and body.

"(2) That defendant resorted to force, threats, fraud, misrepresentations, and cruelty for the purpose or carrying out her studied fraudulent designs of securing his property.

"(3) That defendant, as part of the consideration for said deed, agreed to take care of plaintiff for the term of his natural life; to provide for him proper food and clothing, and to cook food for him, and to take care of and preserve his estate for the use and benefit of plaintiff during the term of his natural life; and that she agreed to provide him with medicine when he was sick and with the attention of a doctor at her own expense, to come out of said estate, and that she did not keep and perform the said promises.

"(4) That the recital in said deed to the effect that defendant had paid plaintiff $10 as a part consideration for said deed is wholly false, and that defendant paid plaintiff nothing for said land, and that the consideration for said land wholly failed.

"(5) That the day said deed was executed defendant placed said plaintiff in charge of her son, a grown negro man, with instructions to take plaintiff to Mr. F. L. Rugely and have all of plaintiff's property deeded to the defendant; that plaintiff at that time was sick in mind and body and mentally incapacitated to make a deed, and that defendant well knew plaintiff was sick in mind and body and mentally incapacitated to make a deed and took advantage of same in order to secure deed to said property from this plaintiff, and plaintiff was not conscious of his acts in deeding away his property and did not know the effect and consequence of his acts. Plaintiff was afraid defendant and her son, Sonny Fields, would injure him if he did not execute said deed and same was executed when under duress.

"(6) That all of said promises and acts of the defendant were made and performed for the purpose of fraudulently procuring the execution and delivery of said deed at the time they were made, and done without any intent on the part of the defendant to perform them or any of them."

The defendant answered by general demurrer, by seven special exceptions, by a general denial, and by special plea alleging that she paid plaintiff $700 and the taxes due on the property deeded to her, as a consideration for the deed.

The court overruled the defendant's general demurrer and special exceptions and submitted the cause to a jury upon special issues, in answer to which the jury found:

(1) That defendant was guilty of excesses, cruel treatment, and outrages toward the plaintiff of such nature as to render their living together as husband and wife insupportable.

(2) That the mind of the plaintiff was not so impaired or weakened on the 10th day of February, 1922, the time he executed the deed in question, as to render him incapable of fully realizing the nature and effect of his act in executing said deed.

(3) That plaintiff was induced to execute said deed by means of force, threats, fraud, misrepresentations, and cruelty, exercised by the defendant toward him to such an extent as would overcome his will or desire.

(4) That defendant paid no consideration to plaintiff for the execution and delivery of said deed.

(5) That defendant gave plaintiff $5 to have the deed prepared and it was not given to plaintiff as any part of a consideration for the deed.

Upon the answers of the jury to the issues submitted, the court rendered judgment for the plaintiff granting the divorce prayed for and canceling the deed in question. From the judgment so rendered, Sarah Earle has appealed.

By her assignments of error 1 to 9, inclusive, presented under and by her first and second propositions, appellant insists that the court erred in overruling her general and special demurrers addressed to the plaintiff's petition.

[1-4] While we agree with appellant that the general allegation of the plaintiff, "that the defendant was guilty of cruel and harsh treatment of plaintiff" was too general and

was subject to the exception addressed to it, and while we also agree that the further allegations that the defendant failed to properly cook plaintiff's food and to properly care for his bed, and that upon one occasion she called him a "damn old fool" and a "damn old liar," and charged him with being guilty of adultery, are not sufficient allegations, if true, to entitle the plaintiff to a divorce, still we think the court properly overruled the general demurrer addressed to the petition as a whole, as well as all special exceptions addressed to those parts of the petition whereby it is specifically alleged that defendant violently struck and jerked plaintiff at a time when he was sick, weak, and helpless, and at the same time used violent language to plaintiff, and that by such assault and language put plaintiff in fear of death, and the further allegation that the defendant tried to poison plaintiff by putting poison in his food which she had prepared for him. The allegations last mentioned would, if proven, have entitled the plaintiff to a divorce.

[5, 6] We are also of opinion that the allegations of plaintiff's petition, relative to the promises and fraud practiced on him by defendant to induce him to execute and deliver the deed to her, were sufficient to admit evidence of their truth when taken together and as a whole, and that they were not subject to the general demurrer addressed to them.

[7] We think the allegations set up in the plaintiff's petition as cause for divorce and cancellation of the deed, when considered as a whole, if proven, would be sufficient cause for canceling the deed. We therefore overrule all of said assignments 1 to 9 inclusive.

By the third proposition appellant insists, substantially, that the court erred in refusing to instruct the jury to return a verdict in favor of appellant, both as to the divorce and as to the cancellation of the deed, and in rendering judgment for appellee for either the divorce or for the cancellation of the deed, in that appellee wholly failed to prove any of the allegations of his petition which would entitle him to either of such judgments.

We have carefully examined and considered all the evidence as disclosed by the statement of facts and after having done so have reached the conclusion that there is no evidence establishing any alleged fact which would support the judgment rendered either as to the divorce or as to the cancellation of the deed, but as we think probably the evidence was not fully developed we will not here render judgment for the appellant, but will reverse the judgment and remand the cause for another trial.

In view of the fact that we are remanding the cause for another trial, we have refrained from discussing the evidence.

For the reasons stated, the judgment is reversed and the cause is remanded.

Reversed and remanded.