C. S. Farmer, Waco, for appellant.

Clark & Seley, Waco, for appellee.

TIREY, Justice.

This is an appeal from a decree (nonjury) granting a divorce. The judgment is assailed solely on the ground that the evidence is insufficient to sustain the allegation of cruel treatment. No other ground is alleged. There was no request for findings of fact and conclusions of law and none was filed.

**GOLDEN v. GOLDEN.**

No. 2948.

Court of Civil Appeals of Texas. Waco.

April 5, 1951.

Since only the appellee testified as to cruel treatment he had sustained, we quote in question and answer form the pertinent part of his testimony:

"Q. If you will, tell the court what she did that caused you all to separate? A. Well, it was constant nagging and high temper.

"Q. Did she fuss at you? A. Yes, sir, she did.

"Q. Did she do that somewhere around December 17, 1947, about 6 months after you were married? A. Yes, sir.

"Q. On or about March 29, 1949, do you remember an occasion where she came in a cafe and there was some occurrence there? A. Yes, I remember it very well.

"Q. What did she do on that occasion? * * * A. She came in and grabbed the beer and threw it out in the street and told me to get up and go home and pack my clothes and move out.

"Q. At that time were there other people there in the cafe? A. Yes, sir.

"Q. Was that embarrassing to you? A. It was very embarrassing.

"Q. What did you do then? A. I went home and she helped me pack my clothes and she says, 'you call that * * * and tell him to come get you.' I says 'I don't know his phone number,' and she says, 'I know it' and she went and called him and said 'come get him, his clothes is packed.' * * *

"Q. Had she at any time in the past—while you were working at Richards Equipment, did she ever come down there when you were working there? A. She was always there on pay day.

"Q. When were you paid? A. Saturday at noon.

"Q. She was always there on pay day? A. Yes, sir.

"Q. What occurred down there when she was down there? A. Well, she would come in and talk to me during working hours which is not good for anybody's business.

"Q. Did she at any time cause any disturbance down there? A. No, nothing only interfering with my work.

"Q. Did her coming down and interfering with your work meet with the approval of your employers? A. It did not.

"Q. After this occurrence you have testified about down at the cafe that night and her putting you out, and her conduct generally, all of that considered together, do you think you can ever live with her again as her husband? A. No, sir, I cannot.

"Q. You think that constituted such cruel treatment it is now impossible for you to live with her? A. Yes, sir."

Appellee testified further to the effect that he and appellant were married in July, 1946, and that they were separated twice before their final separation in March, 1949; that while in the military service he suffered injuries to his back in line of duty in New Guinea in December, 1943, and submitted to "three major operations on my spine, my back put together with screws, and had a bone graft put in" and that it is necessary for him to wear a steel brace on his back; that he was naturally nervous on account of his injuries, and that the conduct of his wife aggravated his nerv-ousness and that her conduct made it impossible for him to live with her.

The foregoing is all of the testimony tendered on the allegation of cruel treatment. Appellant took the witness stand in her behalf and testified to the effect that from the time she married appellee she conducted herself with propriety and as a true and dutiful wife should and that she never mistreated appellee in any way.

Section 1 of Art. 4629, Vernon's Ann. Civ.Stats. provides a divorce may be granted "Where either party is guilty of excesses, cruel treatment, or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable." Article 4632, Vernon's Ann.Civ.Stats. provides in part: " * * * but the decree of the court shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition * * *." These provisions of our statute have been construed many times by our appellate courts.

■ Our Supreme Court, in McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, 463, in answer to certified questions, said: " * * * the excesses, cruel treatment, or outrages provided in our statute as a ground for divorce are sufficient if they are of such a nature as to render further living together insupportable and that without regard to whether such treatment is of such a nature as to threaten the impairment of the physical health of the wife. Of course the sacredness of the marriage relation should be kept in view, and divorces should not be granted on trivial matters or disagreements."

■■ It is our duty to examine carefully the record and the evidence adduced in order to determine whether or not such evidence and record satisfy the test provided in Art. 4632, supra. See Harrell v. Harrell, Tex.Civ.App., 206 S.W.2d 109, point 1 and cases there collated. This we have done and it is our view that the evidence tendered and the record does not meet the test provided for in Art. 4632, supra, nor does it meet the test announced by our Supreme Court in McCullough v.

McCullough, supra. It is our view that appellant's conduct was trivial and that appellee suffered at most some nervousness and embarrassment, and it is our view that the marriage relation should not be severed under the record here made. See 15 Tex. Jur. sec. 14, 15, pp. 450, 451; Williams v. Williams, Tex.Civ.App., 72 S.W.2d 668; Hyatt v. Hyatt, Tex.Civ.App., 111 S.W.2d 341. Nor do we feel that the conduct of appellant showed that it was done wilfully with intent to injure the appellee. See Buckner v. Buckner, Tex.Civ.App., 27 S.W. 2d 311; Finn v. Finn, Tex.Civ.App., 185 S.W.2d 579; Rodriguez v. Rodriguez, Tex. Civ.App., 186 S.W.2d 88; Cantwell v. Cantwell, Tex.Civ.App., 217 S.W.2d 450; Sloan v. Sloan, Tex.Civ.App., 228 S.W.2d 294.

It follows from the views expressed that we are of the opinion that the trial court erred in granting a divorce and that the judgment must be reversed and rendered.

Reversed and rendered.