Margarita Barrera RESENDEZ, Appellant,

v.

Felipe RESENDEZ, Sr., Appellee.

No. 12940.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 21, 1955.

John Noyola, Laredo, for appellant.

E. James Kazen, Laredo, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal from a judgment of the District Court of Webb County granting to Felipe Resendez, Sr., a divorce from his wife, Margarita Barrera Resendez, on the grounds of cruel treatment. The trial was with the aid of a jury which found in favor of the husband.

At the time of the trial the husband was sixty-five years old and the wife, sixty-three. Each of them had two previous marriages. They were married to each other on January 4, 1941, and separated on December 27, 1953. There were no children born of this marriage. The judgment does not attempt to settle any property rights between the parties. The wife has prosecuted this appeal.

The husband, who is the appellee here, offered in support of his petition for divorce his own uncorroborated testimony and then called the wife as an adverse witness. She denied every accusation made by him against her except that she did admit they had quarreled at times, and, according to her testimony, she had good cause for these quarrels.

The substance of appellee's testimony was, (1) that he and his wife lived just fighting, fighting, fighting; (2) that sometimes she would serve his meals and sometimes she would not; (3) that he had to wash his own clothes or have some one else wash them; (4) that during this time she did not sleep with him in the same bed; (5) that he slept in a separate bed in a separate room, because his wife refused to sleep with him; (6) that at times she would make his bed and at other times she would not; (7) that she would tell him that she did not love him any more; (8) that she wanted him to hit her; (9) that she chased him out of the house; (10) that she would nag and quarrel with him, and (11) that she would falsely accuse him of running around with other women. He attributed her conduct to a desire to get rid of him and get his property.

This evidence is insufficient to meet the requirements of Art. 4632, Vernon's Ann.Civ.Stats., to the effect that a decree

of divorce must be based upon full and satisfactory evidence affirming the material facts alleged in the petition. Golden v. Golden, Tex.Civ.App., 238 S.W.2d 619; Green v. Green, Tex.Civ.App., 268 S.W.2d 237; Grywalski v. Grywalski, Tex.Civ.App., 263 S.W.2d 684; McAlister v. McAlister, 71 Tex. 695, 10 S.W. 294; McNabb v. McNabb, Tex.Civ.App., 207 S.W. 129; Earle v. Earle, Tex.Civ.App., 268 S.W. 232; Mayen v. Mayen, Tex.Civ.App., 177 S.W.2d 240.

■ Where a divorce case is tried before a jury the verdict is only advisory. Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538. Upon appeal the appellate court must determine whether the evidence is full and satisfactory. Mayen v. Mayen, supra; Art. 4632, Vernon's Ann.Civ.Stats.

Appellee gave no reason for his wife's conduct other than that he got sick with a heart ailment in 1949 and she did not want him to get well. She and his own niece, who lived with them, were unhappy when he got well. They wanted his property and wanted to get rid of him. He had the deed to the home in which they lived in Laredo at 1016 Garcia Street made in the name of his wife and niece, Adela R. Ballesa. It is a little difficult to understand why the wife, if she was anxious to get rid of her husband, is here contesting the divorce and offering to take him back and live with him as her husband. She and the niece already have a deed to the home and he is not here asking that it be set aside.

The wife, in support of her contention that the quarrels were caused by his running around with other women, offered in evidence a picture of him sitting at a table with a bottle of beer before him and a strange lady sitting at the same table with her hand resting on his shoulder. With reference to this picture, he stated that his wife and niece never did catch him with another woman, but admitted that the photographer did.

The wife also introduced in evidence a birth certificate from Nuevo Laredo showing that appellee was the father of a child born on September 18, 1953, to a woman living in Nuevo Laredo by the name of Enriqueta Munoz. There is a suggestion that there might be some question of mistaken identity here, but his age was given as 62, his parents were correctly named, and appellant swore she saw the original record and identified his signature thereon. After this testimony was given, appellee was again called to the witness stand but went no further than to deny he had lived with Enriqueta Munoz in Nuevo Laredo. He did not specifically attack the birth certificate.

A disinterested witness from Nuevo Laredo by the name of Antonia Romero testified that she saw him daily come from the home of Enriqueta Munoz in Nuevo Laredo. Appellee denied this was true.

■ We have read the entire statement of acts and have concluded that the evidence as a whole does not fully and satisfactorily show that appellee was entitled to a divorce. The evidence does not show that appellant's conduct was willful and intended to injure appellee, which is required. Golden v. Golden, supra, McNabb v. McNabb, supra. Appellee, in answer to a leading question, testified that the conduct of appellant rendered their further living together as man and wife insupportable and the jury so found, but he never testified that such conduct in any way affected his health. Ordinarily, the evidence must show that the misconduct has or will impair the health of the innocent spouse. Buckner v. Buckner, Tex.Civ. App., 27 S.W.2d 311; McAlister v. McAlister, 71 Tex. 695, 10 S.W. 294.

The photograph and the birth certificate introduced in evidence here were not calculated to relieve appellant of any suspicion that her husband was untrue to her.

In determining whether the evidence is full and satisfactory we do not pass upon the credibility of the witnesses, but we do note that appellee's cause of action is based upon his own uncorroborated testimony, all of which was contradicted by appellant and her testimony was corroborated by appellee's own niece whom he brought to live

in their home, and by the apparently disinterested witness Antonia Romero.

The judgment of the trial court is reversed and the cause dismissed.