**M. CHRISTEN, Appellant,**

**v.**

**E. CHRISTEN, Appellee.**

**No. 13445.**

Court of Civil Appeals of Texas.

Houston.

March 10, 1960.

Roberts, Baker, Richards, Elledge & Heard, Houston; T. E. Richards, Jr., J. B. Clegg, Jr., Houston, of counsel, for appellant.

Musick, Musick & Heath, Houston; Clyde Gordon, Jr., Houston, of counsel, for appellee.

WERLEIN, Justice.

Appellee, E. Christen, brought suit in Harris County against his wife for divorce on grounds of cruelty, under Article 4629 (1), Vernon's Ann. C. S. The case was submitted to the jury on three Special Issues concerning separate acts of alleged cruel treatment. The jury found in answer to Special Issues Nos. 1 and 2 that appellant had not falsified appellee's condition to the admitting office at John Sealy Hospital in Galveston, and that appellant had not left appellee in said hospital in destitute circumstances. To Special Issue No. 3 the jury found that the failure and refusal of appellant to talk to or communicate with appellee constituted excesses, cruel treatment and outrages towards appellee, and to Special Issue No. 4 that such excesses, cruel treatment and outrages were of such a nature as to render their further living together as husband and wife insupportable.

Based on the jury's answers to Special Issues Nos. 3 and 4 the court entered judgment for divorce in favor of appellee. Appellant asserts that the court erred in so doing without full and satisfactory evidence of cruel treatment, and also because the evidence is undisputed (1) that appellee never attempted to see appellant after his release from John Sealy Hospital, and (2) that appellant's conduct was not willful or intended to injure appellee but was the result of following the advice of appellee's doctors, and further because appellee's alleged ground for divorce was based wholly upon alleged acts of non-physical cruel treatment which did not in any way affect appellee's welfare.

Appellant's Points of Error call for an examination of the evidence adduced at the trial. Appellee testified that he lived with appellant a little better than eight years; that during the time he lived with appellant he was kind and good to her and she was very kind to him; that when he was sick in Galveston, she visited him once a week; that when he was in Memorial Hospital [prior to entering John Sealy] she visited him nearly every day and was kind and considerate, giving him no reason to complain; that on the morning of January 3 or 4 he, and one of his sisters and her husband, and appellant went to Galveston where he was to be treated in a clinic; that he was placed in a psychopathic ward; that about a week later appellant went to see him and they visited in the waiting room and appellant was kind to him; that with appellant were their pastor and appellee's niece; that appellant was down there once a week for six or seven weeks, and was kind to him on each occasion, just as she had been during the eight years they were married; that he was behind locked doors for three weeks and then was allowed liberty to go to the beach or wherever he wanted to go; that when he told appellant that he could leave the hospital and go home she asked him to stay until Monday to make sure he was well, saying she would return Monday; that he consented to stay; that appellant was very solicitous of him and kissed him goodbye; that when she didn't return Monday he finally concluded she was not going to return, and on Thursday, after calling his home and getting no answer, he left Galveston for Houston; that he borrowed $10 from one of his doctors since

he had no money with him, although he had a checking account; that when he got to Houston, he did not go home and had not been home from that day until the trial; that nobody forbade him to see appellant; that he figured she didn't want to see him; that appellant never told him she didn't want to live with him; that he had never talked to appellant since their last conversation in Galveston when she kissed him goodbye; that he had been to the place where she lived one time to get some things that belonged to him and he saw her but she did not speak to him.

He further testified that he wanted to talk to appellant and wanted to go home, but that he didn't really attempt to see her; that he contributed to her support for five months because he felt it was his duty and he loved her; that he told Mr. Richards, her attorney that he wanted to go back to her; that the absence of his wife made him awfully nervous, and he could hardly rest at night and was upset and felt grief; but that he could not live with her now because he feels she doesn't love him, and because there would be no love there.

Appellant testified as to her own illness during part of the time she was married and concerning appellee's illness and brain damage from a slight stroke and treatment by a neurologist and psychiatrist, and of the kind and affectionate relations existing between them during all the time they were married. She further testified that appellee went to John Sealy Hospital on the suggestion of his doctors and with her approval, and that she had no intention of leaving appellee or deserting him; that the doctors did not tell her that appellee was dangerously mentally ill, but that he could be, and never to let her guard down; that she thought appellee was still ill when she left him in Galveston, and that the doctor told her she shouldn't live with him alone because he had turned on the one who had done the most for him, and that she was that unfortunate one; that he had threaten-

ed her on a number of occasions, and she was fearful for her life at such times and had many sleepless nights; that she felt he would eventually get well; that she had inquired from Pastor Reck and the ladies of the church concerning appellee's health and she kept praying for him, and Pastor Reck did also; and that as soon as he has sufficiently recovered she wants to live with him again and be the loving and solicitous wife she had been for nine years, and she was only waiting for his condition to improve.

■ We think it unnecessary to set out more of the testimony although we have carefully read the entire record. It is evident that appellee has failed to introduce any evidence, much less any clear and convincing proof, of cruelty on the part of appellant. The jury found that appellant did not falsify appellee's condition when he was admitted to John Sealy Hospital and that she did not leave him in the hospital in destitute circumstances. Her mere failure or refusal to talk to or communicate with appellee could possibly indicate that she had left him and didn't want to go back to him, but it would not constitute cruelty under the circumstances, and especially since the parties were not living together or in the same house, and there is no evidence that she refused to talk to him. Moreover, the evidence shows that the act of leaving appellee in John Sealy Hospital was not done wilfully with the intent to injure him. Golden v. Golden, Tex.Civ.App., 238 S.W.2d 619.

Appellee admitted that he had made no attempt to see appellant, nor did he make any effort to talk or communicate with her. There is no evidence that he said one word or even civilly greeted her on the one occasion he saw her after returning from Galveston. He went there only to get some of his things. It may be that appellee felt bad over the separation. If he did, he might at least have made some attempt to see his wife and talk to her.

■■ We have carefully examined the record and the evidence and have concluded that the evidence in this case is insufficient as a matter of law to show cruel treatment under Article 4632, V.A.C.S., which provides that the decree of the court in divorce cases shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition. Golden v. Golden, supra. "The requirement of full and satisfactory proof is also as applicable in the Court of Civil Appeals as it is in the trial court." Christoph v. Sims, Tex.Civ.App., 234 S.W.2d 901, 907, ref., n. r. e.; Mayen v. Mayen, Tex.Civ.App., 177 S.W.2d 240. In a divorce case the findings of the jury in favor of the divorce are only advisory. Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538. This Court not only has the power, but it is its duty, to pass upon the issue of whether the evidence in this case is full and satisfactory, although it cannot pass upon the credibility of the witnesses. Gomez v. Gomez, Tex.Civ.App., 234 S.W.2d 941; Robinson v. Robinson, Tex.Civ.App., 235 S.W.2d 228.

Our Courts of Civil Appeals have held in numerous cases that acts and conduct more serious and more subject to complaint than any shown in this case, are insufficient as a matter of law to warrant the granting of a divorce, under the requirements of Article 4632, V.A.C.S. Resendez v. Resendez, 282 S.W.2d 318; Green v. Green, 268 S.W.2d 237; Mayen v. Mayen, supra; Earle v. Earle, 268 S.W. 232; Grywalski v. Grywalski, 263 S.W.2d 684; and Golden v. Golden, supra.

Appellee relies largely upon the case of Mobley v. Mobley, Tex.Civ.App., 263 S.W.2d 794, and Ingham v. Ingham, Tex.Civ.App., 240 S.W.2d 409. We think there is no question that such cases were properly decided upon their facts. We are also in agreement with the general expressions of the courts in said cases in defining the terms "cruelty" and "insupportable". There is nothing in such opinions that militates against our holding herein.

We are of the opinion that the Trial Court erred in granting the divorce and that the judgment must be reversed and rendered.

Reversed and rendered.