**Eva Alex WORTHEN, Appellant,**

v.

**William Ewing WORTHEN, Appellee.**

**No. 11138.**

Court of Civil Appeals of Texas.

Austin.

Jan. 22, 1964.

Rehearing Denied Feb. 12, 1964.

Ragan & Russell, Charles C. Foster, Jr., Houston, for appellant.

Ernest A. Knipp, Houston, for appellee.

PHILLIPS, Justice.

This is a suit for divorce wherein the plaintiff wife brought suit against the defendant husband alleging cruel treatment, excesses and outrages of such a nature as to make further living together as husband and wife insupportable.

The parties will be referred to here as in the trial court.

The case was tried before a jury, took twelve days to try and the statement of facts consists of five volumes containing 1297 pages of testimony. In response to two special issues, the jury found that the defendant was guilty of acts and conduct which constituted excesses, cruel treatment, or outrages of such a nature as to render the further living together of plaintiff and defendant as husband and wife insupportable. In addition the jury found that the plaintiff did not act in good faith and with probable cause in filing and prosecution of this suit for divorce. The trial court, by proper motion was asked to disregard this issue as being without support in the evidence.

The trial court issued a decree denying the divorce stating that the evidence was

not of that full and satisfactory nature required by Article 4632 Vernon's Ann.Civ.St.

■ We are of the opinion and so hold that the trial court should have granted the divorce as prayed for in that the evidence was full and satisfactory, that the acts and conduct of the defendant was such as to render the parties further living together as husband and wife insupportable. Rule 434, Texas Rules of Civil Procedure.

■ We are also of the opinion that there was no evidence to support the finding of the jury that the plaintiff did not act in good faith and with probable cause in the filing and prosecution of this suit for divorce, and hold that this issue should be disregarded, Happ v. Happ, Tex.Civ.App., 160 S.W.2d 227, writ ref. W.M.

The plaintiff and defendant are both past sixty years of age and have been married for over forty years. Their three children are grown, married and have children of their own. These parties separated over three years ago and have lived apart since then. There is an estate of substantial value involved.

The lengthy, detailed evidence establishes the fact that the plaintiff has been a good mother, wife and housekeeper. That while the defendant has been a steady worker and good provider, he has shown little or no affection for the plaintiff throughout the years and has pursued a deliberate and continued course of conduct toward her characterized by cursing her with vile and abusive language and in later years accusing her of being sick in the head, crazy or insane. While there is evidence of several instances during the course of their married life wherein the defendant physically abused the plaintiff these incidents in themselves would not at this time be sufficient grounds; and, while no one or even several incidents of the above-mentioned cursing and accusations would in themselves be grounds, their continued persistence over the years coupled with the uncontroverted medical evidence that such treatment has been deleterious to

plaintiff's physical health are ample grounds to support the action brought. This evidence includes corroboration by the children.

Plaintiff filed several suits for divorce against defendant during the course of their married life, however, these were dismissed on plaintiff's motion without prejudice. In addition there were separations in the past followed by reconciliations.

The defendant denies the course of conduct attributed to him and apparently attempts to show that ever since plaintiff passed through the menopause some twenty years ago she has become withdrawn and erratic in her conduct. Defendant testified that on two instances he urged her to see a psychiatrist.

Plaintiff introduced the testimony of her physician, a Dr. James C. Jones, an internal medical specialist and a clinical instructor in psychiatry. Dr. Jones had served as a consultant of the Department of Psychiatry, Veterans Administration Hospital, and the Houston Psychiatric Hospital. His practice placed special emphasis upon the psychosomatic side of internal medicine.

Dr. Jones stated that psychosomatic medicine is the treatment of illnesses which occur on reflex of what a person is thinking, based on one's emotional make-up. This is largely caused by one's environment and is psychophysio response of the body. He stated unequivocally that plaintiff was entirely sane, however, that due to the course of conduct that she had been subjected to by the defendant, she had developed a spastic colon, headaches, dizziness and pain in the stomach. That she had suffered inability to sleep, her bowels slowed down, she was unable to digest food properly and her abdominal wall would bloat. The doctor noted that the plaintiff's medical history showed her condition to be quite severe in February 1960, and that it continued until she moved from her home and left her husband. That since that time the symptoms have subsided to a certain extent due to the

treatment and "in getting out the thorn in her side."

This medical testimony was not contradicted by the testimony of defendant's witness, a Dr. Hanson. Dr. Hanson is a specialist in internal medicine, however, he would not qualify himself in the field of psychiatry. Dr. Hanson testified that the plaintiff suffered from "functional indigestion, * * * irritable colon, which is the type thing that results from anxiety, being tense and mentally upset." Dr. Hanson also testified that plaintiff was perfectly sane.

In McCullough v. McCullough, Tex.Com. App., 120 Tex. 209, 36 S.W.2d 459, opinion adopted by the Supreme Court, the Court said:

"It is the settled law of this state that the cruel treatment provided by our statute as a ground for divorce is not confined to physical violence alone, but may consist of a series of studied and deliberate insults and provocations. The question is whether the course of treatment constitutes such 'excesses, cruel treatment, or outrages,' as to render further living together insupportable. In determining this question it is the duty of the trial court to weigh the course of conduct in the light of all of the facts and circumstances of the case, and this includes the character and refinement of the parties to the proceeding. In other words, vile epithets constantly hurled by the husband at a wife of refinement might constitute 'excesses, cruel treatment, or outrages' of such a nature as to render her further living with him insupportable, when the same epithets hurled by the husband at a wife of low morals and vile character might not constitute such excesses, etc."

The McCullough case further held that cruel treatment rendering further living together insupportable constitutes grounds for divorce regardless of whether it threatens impairment of the wife's health.

While we full well recognize the fact that wide latitude is given the decree of the trial court on review, we hold that plaintiff's evidence brought her under the above quoted holding in the McCullough case and in addition defendant's conduct has caused her health to deteriorate. That she proved her own testimony to the effect, "I could never live with Mr. Worthen. I am too old to fight. I can't fight no more—my health won't permit it." Due to the extensive development of the record in this case, nothing would be gained by remanding the case for a new trial on whether or not grounds for divorce exists.

We hold that the evidence establishes the fact, and the jury so found, that defendant's conduct toward plaintiff was such as to entitle her to a divorce. Jernigan v. Jernigan, 37 Tex. 420, Taylor v. Taylor, 18 Tex. 574.

Judgment of the trial court is therefore reversed and remanded with instructions to grant appellant a divorce from appellee and such judgment be incorporated in the final judgment adjudicating the other issues between the parties.