**Billie Dale MILAM, Appellant,**

v.

**Otis J. MILAM, Appellee.**

**No. 7509.**

Court of Civil Appeals of Texas.

Amarillo.

June 21, 1965.

Rehearing Denied Sept. 7, 1965.

McCown & Sheehan, Dumas, for appellant.

Richards & Ferguson, Dalhart, for appellee.

DENTON, Chief Justice.

Billie Dale Milam brought suit for divorce against her husband, Otis J. Milam, and for custody of their four minor children. The husband by cross-action also sought a divorce and custody of the children. The issues of divorce and custody were presented to a jury. The jury found Mrs. Milam was guilty of excesses and

cruel treatment toward Otis J. Milam of such a nature as to render their living together insupportable; that Otis J. Milam was not guilty of such cruel treatment; and that the best interests of each of the named children would be best served by placing them in the custody of their father. The trial court rendered judgment in accordance with these jury findings.

Appellant's twelve points of error contend the trial court erred in admitting certain testimony of two witnesses; that the trial court erred in questioning one of the witnesses; that the jury findings concerning Mrs. Milam's cruel treatment toward the defendant and the issue concerning the custody of the minor children were against the great weight and preponderance of the evidence. Appellant further contends its objection to the court's charge should have been sustained.

We will first concern ourselves with the sufficiency of the evidence to support the jury findings complained of. In considering these points we have examined the entire statement of facts and considered the evidence in accordance with the rules announced in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. The parties had been married some eighteen years at the time of the trial. They were the parents of four minor children: a son who will be eighteen years old in December of 1965, a daughter ten and twin daughters eight at the time of the trial. They separated on June 7, 1964, and appellant filed her petition for divorce and custody of the children shortly thereafter. The trial court awarded Mrs. Milam temporary custody of the children upon the filing of her petition and ordered the defendant below to appear July 8, 1964, to show cause why the custody should not be continued in Mrs. Milam pending trial of the case. After a hearing on that date, the trial court, upon proper motion, ordered the temporary custody of the children be changed to Mr. Milam. He held temporary custody of the children when the case was tried in September of 1964.

Appellee's cross-action sued appellant for divorce upon the statutory grounds set forth in Article 4629, Paragraph (1), Vernon's Ann.Civ.St. Of the five specific allegations of cruelty, three allegations concerned Mrs. Milam's religious activities as a member of the United Pentecostal Church; one allegation asserted she influenced their children against appellee; and alleged harassment by Mrs. Milam by continually threatening to leave him "and deprive him of the custody of their children." In addition there was a general allegation of cruelty. Appellee's cross-action does not allege appellant is unfit to have custody of the four children, but simply alleges he is a fit and proper person to have the permanent custody of the children. Although the record is extremely long, appellee's testimony in support of his cause of action may be summed up in the following question and answer:

"Q. All right, sir, you have told the court and the jury that you and the— or that you and Mrs. Milam began to have serious problems about five years ago and that this was over her religious activity, is that correct?

"A. It was over the problem leading from her religious activities, yes."

The time period had reference to the time Mrs. Milam joined the Pentecostal Church. Although appellee admitted he knew very little about the church's doctrine or beliefs, he did not like for her to go to that church and did not like the people who attended that church. There was no Pentecostal Church in Stratford where the Milams resided, and it was therefore necessary for her to go to either Dalhart or Dumas to attend this church. Both of these towns are approximately thirty miles from Stratford. We think it is a fair summation of appellee's testimony to say his primary complaint against Mrs. Milam was her frequent trips to Dalhart or Dumas to attend her church services along with the children. She had confined her church activities to the Dumas church for the last

two or three years prior to the separation. It appears she and the children attended youth services in the Dumas church on Friday nights and the morning and evening services on Sundays. They would return home after the Friday night services and generally remain in Dumas all day Sunday and return to their home Sunday nights after that service. They usually reached home by ten o'clock or 10:30 p. m. Mr. Milam further testified:

"My complaint is taking the children out of town away from their friends and away from their home. I am not —I wasn't condemning her for going to church if that is the way you are putting it."

Appellee contends these absences until late at night left the children tired, disturbed and fatigued. As we view it this is the crux of appellee's case for both divorce and his obtaining custody of the children. He does not question his wife's morals nor her general conduct as a housewife or her care and discipline of the children. Her absences from the home with the children while attending church services seems to be the real basis for his complaint. He denies her religious beliefs enter into their problem.

 It is well settled that in order to meet the requirements of Article 4632, V.A.C.S., a divorce must be based upon full and satisfactory evidence affirming the material allegations of the petition. Resendez v. Resendez (Tex.Civ.App.), 282 S.W. 2d 318; Christen v. Christen (Tex.Civ. App.), 333 S.W.2d 472. It is this court's duty to pass upon the issue of whether the evidence is full and satisfactory. Christoph v. Sims (Tex.Civ.App.), 234 S.W.2d 901 (Refused, NRE); Robinson v. Robinson (Tex.Civ.App.), 235 S.W.2d 228.

 We have carefully read the statement of facts, and it is our view that the evidence as a whole is not that full and satisfactory proof sufficient to establish cruel treatment sufficient to render the fur-

ther living together of these parties insupportable. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, is a landmark case for the proof necessary to establish cruel treatment in divorce cases. It was not shown Mrs. Milam's absences from their home to attend church services were deliberate acts to jeopardize the marriage. Her absences were not for a great length of time each week. Obviously her being away could become quite inconvenient and does not lend itself to family harmony, but in our opinion this can not be said to constitute cruel treatment. The fact she stated to appellee "I will not give up my church" goes to show her deep feeling for her church affiliation. In our opinion she should not be censored for such an attitude. Appellee contends this statement indicates her willingness to forsake her family for her church. We do not so construe it. In order to attend the church of her preference she necessarily had to travel some sixty miles round trip. We can conceive of cases where a spouse could become so involved in religious activities that his or her parental and marital responsibilities were neglected to the extent that such conduct would constitute cruel treatment, but such is not the case under this record. This record does not indicate that the conduct of appellant was done wilfully with intent to injure the appellee. Golden v. Golden (Tex.Civ.App.), 238 S.W.2d 619. Mr. Milam was not asked and he did not testify that his wife's conduct was such as to render their further living together insupportable. We think the evidence falls far short to justify the granting of a divorce to appellee under the requirements of Article 4632, V.A.C.S.

 We have reached the same conclusion relative to the sufficiency of the evidence to support the findings relative to the custody of the children. It is very difficult, if not impossible, to distinguish between the testimony offered by appellee in support of his cause of action for a divorce and on the issue of child custody. Welch v. Welch (Tex.Civ.App.), 369 S.W.2d 434,

has held a jury verdict in a child custody case is binding on the court only when supported by the evidence as in any other civil action. Article 4639a, V.A.C.S.; Rule 301, T.R.C.P. As stated, appellee did not allege nor did he attempt to prove appellant was an unfit mother except for her absences from home previously discussed. He did not question her morals or her ability to handle and care for the children. The primary complaint against her both as to his grounds for divorce and as to his fitness to have custody of the children was the fact she absented herself and the children from the home for their religious activities. He contends this was detrimental to the children's physical and mental welfare. Except for appellee's own testimony concerning the children, there was very little persuasive testimony from other witnesses offered. The men and women called by appellee were primarily called upon to testify as to the children's conduct during the two months just prior to the hearing when the children were in appellee's custody. Not one of these witnesses were derogatory of Mrs. Milam. Mrs. C. W. Moon, a witness called by appellee, testified she could see no difference in the children during the two months period appellee had custody of the children and prior to that time. The only other change the witnesses noted was that the children's hair had been cut. Several witnesses, including two of the children's former teachers and the home demonstration agent, called by appellant, supported her contention she is a fit and proper mother to have custody of the children. The parties' oldest son, Jimmy Dale, also testified quite emphatically in behalf of his mother. He not only stated his preference that the children be awarded to appellant, but made several accusations against appellee. When this testimony is viewed along with the insufficient evidence to support cruel treatment by appellant toward appellee, we are constrained to remand the cause for a retrial of both the issues of divorce and custody of the children.

We do not consider it necessary to discuss and pass upon appellant's other points of error. It is unlikely the alleged errors of inadmissibility of evidence will occur at another trial. Even so, we are of the opinion these points of error do not present reversible error. We further conclude appellant's last two points relating to her objections to the court's charge are without merit.

Reversed and remanded.