Annemarie Witt BOENKER, Appellant,

v.

Alvin Charles BOENKER, Appellee.

No. 14838.

Court of Civil Appeals of Texas.

Houston.

June 23, 1966.

Rehearing Denied Sept. 8, 1966.

wife insupportable. To other issues the jury made findings with respect to whether certain property was separate or community property and as to a reasonable attorney's fee for appellant's attorney. The jury also found that the acts and conduct of appellant toward appellee did not constitute cruelty.

The court, on motion of appellee to disregard the finding of the jury to Special Issue No. 1 and to deny appellant a divorce, concluded that the evidence adduced at the trial was not legally sufficient, and that it was not full and satisfactory to the degree required by law to enable appellant to obtain a divorce, and that a directed verdict for the appellee would have been proper. The court, therefore, granted appellee's motion for judgment non obstante veredicto, denied appellant a divorce and decreed that she take nothing by reason of her suit. The court also decreed that appellee be denied a divorce and that he take nothing by reason of his cross-action.

Appellant asserts that the court erred in overruling her motion for judgment on the jury's verdict and in granting appellee's motion for judgment non obstante veredicto and entering judgment for appellee denying appellant a divorce and decreeing that she take nothing. Appellant further urges that the court erred in denying appellant a reasonable attorney's fee as found by the jury. Appellee has not appealed from the decree of the court denying him a divorce, and hence this part of the decree will remain undisturbed. We wish to add, however, that since the jury found that the acts and conduct of appellant toward appellee did not constitute cruelty, the court properly decreed upon the jury finding that appellee be denied a divorce and that he take nothing by reason of his cross-action. It is well settled that when the verdict of the jury denies a divorce, the court may not ignore the findings of the jury and award a divorce. In other words, the court's authority over the verdict of the jury is restrictive or negative only, and not independent or affirmative. Gris-

Paul E. Delcourt, Jr., Joe Kegans, Houston, for appellant.

Sonfield, Sonfield & Lawrence, F. Lee Duggan, Jr., Houston, for appellee.

WERLEIN, Justice.

This suit was brought by Annemarie Witt Boenker against appellee for divorce, custody of the minor children and child support, and division of the community property. Appellee countered with a cross-action. The case was tried before a jury which found in answer to Special Issue No. 1 that the acts and conduct of appellee toward appellant constituted such excess, cruel treatment, or outrages as to render their further living together as husband and

ham v. Grisham, Tex.Civ.App., 185 S.W. 959; McCrary v. McCrary, Tex.Civ.App., 230 S.W. 187; Whitsett v. Whitsett, Tex. Civ.App., 201 S.W.2d 114.

The evidence shows that appellant and appellee were married on September 17, 1949 and allegedly continued to live together as husband and wife until February 2, 1965. This suit was filed by appellant on February 3, 1965. Appellant testified that on appellee's return from a business trip to Pittsburgh in the summer of 1964, an argument ensued in which he stated that he didn't think that sex was very important to marriage, and that in his way of thinking women were generally repulsive to him, and that appellant was repulsive to him as a sex partner; that on one occasion he called her a damn city girl and a son of a bitch and said that she didn't know anything about farming; that he would argue from Friday afternoon until Sunday night; that appellee's arguments, screaming and hollering, would continue without interruption over the whole week-end and occurred approximately on every week-end in the past year; that he would not let her go to bed, and if she would try to get away from there he would come violently after her; and that his actions would affect the children so they could not sleep.

She related a particular instance in November, 1964, when she discovered that appellee, without having any underwear on, was sleeping in the boys' room with their four year old boy. She also testified that back in 1962, which was some three years before this suit was filed, appellee produced a pistol during one of their arguments and told her to shoot him if it was God's will. She further testified that she could no longer live with appellee; that the arguments about which she had testified made her and the children nervous and that at the time she separated she was afraid she was headed for a nervous breakdown, and that she could not go through another such week-end with appellee.

Tom Boenker, the 14 year old son of the parties, who lived with his mother after the separation, was called to testify. He corroborated the testimony of his mother with respect to the week-end arguments, and the hollering and screaming late in the night until early morning. Such arguments occurred nearly every week-end.

Appellee denied such incidents, and testified that he and his wife had had discussions but that she was the one who began them, and that they related chiefly to business matters. He further testified that he never called appellant any vile names; that what he had said about sex was that it was not everything in life, but that there were other things important in marriage, too; and that he did not sleep with nothing on with the four year old boy, but wore the long top to his pajamas.

The evidence reflects that appellee provided a good home, worked hard, and engaged in additional work to make extra money. He testified that his wife would encourage him to take additional employment and then complain about the time such employment took. Appellant admitted that she had a joint bank account with appellee. She also admitted that appellee would kiss her goodbye every morning when he left home for work. Much of appellant's testimony consists of trivialities, and broad, general statements concerning arguments and bickering and hollering and screaming by appellee over the week-ends. It was not shown whether there were any such arguments and hollering and screaming at any other time during the week. It was not shown what the arguments were about, except that there was some testimony from appellee that there were discussions with respect to money matters, housekeeping and keeping the children clean. It was shown by the family doctor that appellee had a thyroid condition for which he was checked regularly, and that appellant had had a duodenal ulcer which the doctor had cured. The doctor testified further that he had advised appellee to alleviate the situation by

turning over "part of the financial funds" to appellant, and that as a result of such advice he understood appellee turned the management of his pay check over to appellant. He also suggested that the parties consult their minister and get counseling, and encouraged them to go to church and take the children with them. He testified that appellant's response to this suggestion was many times immature. He further testified that appellant had suggested to him that something was wrong with appellee mentally but that he found nothing to indicate that appellee was unstable or that he had a mental disorder or that he ever had any mental disturbance.

Article 4632, Vernon's Annotated Texas Statutes, provides:

"No suit for divorce shall be heard, or divorce granted, before the expiration of sixty (60) days after the same is filed. In divorce suits the defendant shall not be compelled to answer upon oath nor shall the petition be taken as confessed for want of answer, but the decree of the court shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition. Either party may demand a jury trial."

■ The law is well settled that issues of fact are resolved from a preponderance of the evidence, and that special issues requiring a higher degree of proof than a preponderance of the evidence may not be submitted to a jury. Carl v. Settegast, 1922, Tex.Com.App., 237 S.W. 238; Sanders v. Harder, 1950, 148 Tex. 593, 227 S.W.2d 206. In the instant case the jury found from a preponderance of the evidence that appellee was guilty of acts and conduct toward appellant that constituted such cruelty that further living together would be insupportable. In Article 4633, V.A.T.S., it is provided that where the husband or wife testifies, the court or jury trying the case shall determine the credibility of such witness and the weight to be given such testimony. In the present case there was testimony which warranted the jury in finding from a preponderance of the evidence that appellee was guilty of acts and conduct constituting cruelty on his part toward appellant although the evidence may not have been full and satisfactory.

■ Since there was some evidence of probative force supporting the sufficient allegations of appellant's petition for divorce, the trial court was required to submit the case to the jury. The court would not have been justified in instructing a verdict in favor of appellee. Daniel v. Daniel, Tex. Civ.App., 16 S.W.2d 303; Skop v. Skop, Tex.Civ.App., 201 S.W.2d 77. Under Rule 301, Texas Rules of Civil Procedure, the court is authorized, upon motion and reasonable notice, to render judgment non obstante veredicto if a directed verdict would have been proper. Upon like motion and notice the court may disregard any special jury finding that has no support in the evidence. But where there is a sufficient pleading and some evidence of probative force in support of the jury verdict, as in the instant case, the court is not authorized to render a judgment directly contrary to the verdict.

■ The law is well settled that in order to meet the requirements of Article 4632, V.A.T.S., the decree of the court must be based upon full and satisfactory evidence affirming the material facts alleged in the petition. Resendez v. Resendez, Tex.Civ. App.1955, 282 S.W.2d 318, and authorities cited. The verdict of the jury is not binding upon the court in the sense that the court must enter judgment thereon. It is also necessary for the trial judge to determine whether the evidence is full and satisfactory. The law is well settled that the appellate court also not only has the power, but it is its duty where a divorce has been granted, to pass upon the issue of whether the evidence in the case is full and satisfactory, although it cannot pass upon the credibility of the witnesses. Resendez v. Resendez, supra, Mayen v. Mayen, Tex. Civ.App., 177 S.W.2d 240; Christoph v.

Sims, Tex.Civ.App., 234 S.W.2d 901, writ ref., n. r. e.; Christen v. Christen, Tex.Civ. App., 333 S.W.2d 472, and authorities cited.

■ In the present case the trial court, in its wide discretionary power, found the evidence was not full and satisfactory, and therefore under Article 4632, V.A.T.S., it was its duty to refuse to grant appellant a divorce on the jury verdict. But since appellant had the right to a jury trial, and there was some evidence supporting the findings of the jury, the trial court was not authorized to enter a final judgment contrary to the jury findings. The court, however, in refusing to grant a divorce on the jury's findings, entered a judgment denying a divorce and decreeing that the appellant take nothing by reason of her suit. This is a final judgment against appellant in direct opposition to the jury's findings based upon a preponderance of the evidence to the effect that appellant was entitled to a divorce.

It is our view that this case is governed by the decision of the Supreme Court of Texas in the case of Moore v. Moore, 22 Tex. 237. In that case it was stated in effect that there must be a concurrence of "full and satisfactory evidence" and "the verdict of a jury" before the court can lawfully proceed to decree a divorce. The court said: "Unless it be so, it is the duty of the court to set aside the verdict, and refuse a decree." The court then said:

"After hearing the evidence, if it be not deemed sufficient by the court, the correct practice seems to be, to dismiss the petition without prejudice. Page, Divorce, 332; Wright, 469. Such is the effect of the judgment in this case. There was no occasion to continue the cause on the docket, unless the plaintiff could make further proof to the satisfaction of the court; and to enable him to do this, he must have made his application, showing sufficient cause for a new trial."

We are of the opinion that in the instant case the court properly refused to grant a divorce upon the jury verdict, since the court was of the opinion that the evidence was not full and satisfactory. It is further our opinion, however, that the court should not, in view of the jury verdict, have entered a final judgment that appellant take nothing, but should have dismissed the suit without prejudice. No motion for new trial was filed.

The case of Sanders v. Harder, 1950, 148 Tex. 593, 227 S.W.2d 206, is much in point although not a divorce case. In that case it was held that where the applicable rule of law required facts to be established by clear and convincing evidence, the trial court, if of the opinion that the evidence in support of the verdict did not satisfy such test, may set aside the verdict and order a new trial but should not render judgment contrary to the verdict of the jury. The court further stated: "Such judgments are authorized only where there is no evidence warranting a submission of issues to a jury. Rule 301 of the Rules of Civil Procedure."

In Garcia v. Garcia, 1944, 185 S.W.2d 227, the trial court without a jury rendered judgment for divorce in favor of the plaintiff. The San Antonio Court of Civil Appeals held that the evidence was not clear and satisfactory and that the judgment could not stand. The court first reversed and remanded the case, but on rehearing the court said:

"Since the decree below was in favor of the appellee, and this Court has decided that the evidence does not meet the statutory requirement of being 'full and satisfactory,' it seems that under the proper practice this Court should dismiss the cause, rather than remand the same for new trial. Accordingly, our order of remand will be set aside. The judgment of the trial court is reversed and judgment here rendered dismissing this cause without prejudice."

■ In the instant case the trial court in finding that the jury verdict was not based upon clear and satisfactory evidence, was in a position analogous to that of the Court of Civil Appeals in the Garcia case, and as

stated should have dismissed the cause without prejudice. We are not persuaded that the evidence in support of appellant's suit for divorce is full and satisfactory or that the trial court abused his discretion in finding that such evidence was not full, clear and satisfactory. For such reason, this Court is unwilling to enter judgment for appellant on the jury verdict, although it could do so if it had concluded that the evidence was full and satisfactory. Worthen v. Worthen, 1964, Tex.Civ.App., 374 S.W.2d 935; Jernigan v. Jernigan, 37 Tex. 420; Taylor v. Taylor, 18 Tex. 574.

■ The jury found that $3,750.00 would be a reasonable attorney's fee for the services of appellant's attorney down to the date of trial. The special issue inquiring as to what would constitute a reasonable attorney's fee could be interpreted to include a fee in connection with the prosecution of her suit and also the defense of the cross-action brought against her. It is noted, however, that appellant filed no supplemental petition in reply to appellee's cross-action and failed to ask for an attorney's fee in connection with the defense thereof. The evidence is sufficient, however, to show that appellant has no separate estate and that she was unable to pay a reasonable attorney's fee, and that under the circumstances of this case she was entitled thereto in order to enable her to prosecute her suit adequately and protect her rights. It is our view, therefore, that under the evidence and circumstances of this case, it was error for the trial court to deny any attorney's fee to appellant for the services of her attorney.

■ Although no error has been assigned to the wording of such issue, we are of the opinion that in view of the interpretation that could be placed thereon and the possibility that the amount found by the jury included a fee for defense of the cross-action, we should not affirm the allowance made by the jury, but should in the interest of justice sever such cause of action from appellant's cause of action for divorce, and remand the same for a new trial.

■ The fact that the court did not grant appellant a divorce would not deprive her of the right to recover a reasonable attorney's fee for services rendered by her attorney if she had reasonable grounds for bringing the suit and instituted it in good faith. McClanahan v. McClanahan, Tex. Civ.App., 197 S.W.2d 581; Roberts v. Roberts, 144 Tex. 603, 192 S.W.2d 774; Farrow v. Farrow, Tex.Civ.App., 238 S.W.2d 255; Speer's Law of Marital Rights, 3rd Edition, Sec. 638, page 796, where it is stated: "It is not essential that the wife recover to have her attorney's fees. If the suit be brought in good faith she may ordinarily recover them; or where she is the defendant she may recover them—such expenses being ordinarily a necessary." In Wallace v. Briggs, 1961, 162 Tex. 485, 348 S.W.2d 523, the court said: "The respondent argues that the wife may be allowed an attorney's fee even though the suit for divorce is dismissed or where the divorce has been denied. The cases he cites support that proposition * * *."

That portion of the judgment denying appellee a divorce on his cross-action, from which no appeal has been taken, will remain undisturbed. Appellant's cause of action for attorney's fees is hereby ordered severed from her cause of action for divorce, and that portion of the judgment denying appellant a reasonable attorney's fee is reversed and remanded for a new trial. The portion of the judgment denying appellant a divorce and decreeing that appellant take nothing, is reversed and remanded to the trial court with instructions to dismiss appellant's cause of action for divorce without prejudice.

Reversed and remanded with instructions.