**Joe GRIFFITH, Appellant,**

v.

**Betty GRIFFITH, Appellee.**

**No. 522.**

Court of Civil Appeals of Texas, Tyler.

Dec. 31, 1970.

Ramey, Brelsford, Flock, Devereux & Hutchins, Donald Carroll, Mike Hatchell, Tyler, for appellant.

Spruiell, Lowry, Potter, Lasater & Guinn, J. Donald Guinn, Tyler, for appellee.

DUNAGAN, Chief Justice.

This appeal involves the proper submission to the jury of special issues regarding the custody of minor children. Appellee Betty Griffith filed suit seeking divorce from appellant Joe Griffith. Appellant answered by way of general denial and filed a cross-action for divorce; both parties sought custody of the four children of the marriage. A jury was demanded and by its verdict found neither party should be granted a divorce. However, the jury did award custody of the children to appellee and found that appellant should pay $500.-00 per month as a reasonable child support contribution. On the basis of that verdict, the trial court entered judgment which (1) denied divorce to either party, (2) awarded custody of the four children to Betty Griffith, and (3) required Joe Griffith to contribute $125.00 per month toward the support of each of his four children until each child reached the age of eighteen.

By this appeal, appellant specifically questions (1) the submission of custody in a single special issue, and (2) the sufficiency of the evidence regarding the support decree.

The special issue complained of, with the attending instruction, is as follows:

"SPECIAL ISSUE NO. 5:

"From a preponderance of the evidence in whose custody do you find that the welfare and best interest of the children, Patricia Griffith, Cynthia Griffith, Elizabeth Griffith and Craig Griffith, will be served?

"In this connection you are instructed that the rights of the father and mother are equal with respect to the custody of their children, but that the welfare and best interest of the children is of controlling importance, and it will be your duty to find according as you may believe from a preponderance of all the evidence as to what will be for the welfare and best interest of the children, and you will answer this issue as you may find the facts to be: 'BETTY GRIFFITH' or 'JOE GRIFFITH'.

"ANSWER: BETTY GRIFFITH."

Appellant very forcefully argues that the submitted issue does not comply with the requirements of Article 4639a, Vernon's Ann.Tex.Civ.St.[1] He urges that the prima-

---

1. "Section 1. Each petition for divorce shall set out the name, age, sex and residence of each child under eighteen (18) years of age born of the marriage sought to be dissolved, if any such child or children there be; and if there be no such child or children, then the petition shall so state. No court having jurisdiction of suit for divorce shall hear and determine any such suit for divorce unless such information is set out in such petition or in each cause of action for divorce. Upon the trial of any such cause, and in the event a divorce is granted by the court, if there are such minor children, it shall be the duty of such trial court to inquire into the surroundings and circumstances of each such child or children, and such court shall have full power and authority to inquire into and ascertain the financial circumstances of the parents of such child or children, and of their ability to contribute to the support of same, and such court shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same; provided, however, that the judgment of the court in a jury trial of a divorce cause may not contravene the jury's determination of child custody. In any hearing held in this State concerning the custody of a child, whether pursuant to a divorce cause or not, any party to the hearing may, upon assumption of jury costs, demand a jury to determine custody of the child, and the judgment of the court must conform to that determination. * * *"

ry test by which custody is determined is what is in the best interest of *each* child, and that under the issue as submitted, the jury cannot properly apply that test. The issue, he contends, places the best interest of each child secondary to whatever may be in the best interest of the child's brothers and sisters.

Appellee answers that the submission of separate issues as to the custody of each child is neither supported by the pleadings, as appellant asked only for custody of all of the children, nor is it supported by the evidence in this case.

 In answer to appellee's argument concerning the sufficiency of the pleadings, it will be noted that Article 4639a requires a separate listing of the children of the marriage. When so listed, each of the children comes within the court's jurisdiction regarding their individual best interest and custody, Leithold v. Plass, 413 S.W.2d 698, 701 (Tex.Sup., 1967), and it then becomes mandatory that the court enter custody and support orders as are in the children's best interest. This duty and power, now also given to a jury if requested, is not to be limited by technical rules of pleading, custody being a matter of evidence as opposed to pleading. Leithold v. Plass, supra; Ross v. Orr, 214 S.W.2d 150 (Tex.Civ.App., El Paso, 1948, writ ref.); Cook v. Gregg, 226 S.W.2d 146 (Tex.Civ. App., Amarillo, 1949, writ ref.); Danache v. Danache, 296 S.W.2d 821 (Tex.Civ.App., Waco, 1956, no writ). The pleadings in this case are sufficient to support the requested issues.

 The paramount concern in a custody action is the welfare and best interest of the child. This has long been the law of this State and needs no citation. To aid the court in making this determination, there has been laid down various guide lines by the appellate courts for the use of the trial courts, each based upon long experience. One of these guides is that custody of the children of the marriage should

not be divided, i. e., awarding custody of one or more of the children to one parent and one or more of the children to the other parent, except for clear and compelling reasons. Beadles v. Beadles, 251 S.W.2d 178 (Tex.Civ.App., Texarkana, 1952, no writ); DeGaish v. Marriott, 345 S.W.2d 585 (Tex.Civ.App., San Antonio, 1961, n. w. h.); Meyer v. Meyer, 361 S.W.2d 935 (Tex.Civ.App., Austin 1962, writ ref., n. r. e.). Before the amendment of Article 4639a by the Legislature, making the jury's determination of custody mandatory upon the court, a most unfortunate amendment in our opinion, the trial court could exercise its wide discretion in awarding custody based upon the evidence, its experience in these matters, and the various guide lines embodied in case law. Now a jury, if requested, is given that duty. The jury finding is binding upon the court, but only when supported by the evidence as in any other civil action where the parties have a right of trial by jury. Welch v. Welch, 369 S.W.2d 434 (Tex.Civ.App., Dallas, 1963, no writ); Milam v. Milam, 393 S.W.2d 415 (Tex.Civ.App., Amarillo, 1965, no writ). Therefore, if there is any evidence of probative force introduced which would support a jury determination that in the best interest of an individual child, custody of the children should be divided between the parties, then, the trial judge cannot in effect determine as a matter of law that the children should not be divided by submitting a single issue as was done here. The issues of custody, together with proper instructions explaining the law and presumptions of the law as applied to custody of minor children, must be submitted to allow for such a determination by the jury. See Fatheree v. Eddleman, 363 S.W.2d 784 (Tex.Civ.App., Amarillo, 1962, n. w. h.).

The testimony of appellant as to various reasons why, in his opinion, the best interests of at least two, but not all four, of his children would be best served by placing them in his custody is sufficient to support the submission of custody of each child in

a separate issue. Appellant's first point is sustained, and judgment is reversed. We do not reach, and will not comment upon, appellant's last points.

Judgment reversed and case remanded.